CARRERO ET AL., DEMANDANTES Y APELADOS, *v.* DIEZ & PÉREZ, S. EN C., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez sobre desestimación de apelación.

No. 1953.—Resuelto en mayo 31, 1919.

DESESTIMACIÓN DE APELACIÓN—RESOLUCIÓN DE LA COMISIÓN DE INDEMNIZACIONES Á OBREROS.—Las resoluciones de la Comisión de Indemnizaciones a Obreros dictadas de acuerdo con el párrafo 5 del artículo 23 de la Ley de Indemnizaciones a Obreros de 1916, tal como quedó enmendado dicho artículo por la Ley No. 9 de 1917, no son apelables, pues según el párrafo 8 del artículo 12 de la Ley de 1916, sólo se concederá apelación contra las decisiones de la comisión a aquellos patronos a los cuales se hubiere impuesto cuota de acuerdo con la ley, y aquellas resoluciones se refieren a patronos que hayan dejado de cumplir las disposiciones de la ley con respecto a la presentación de informes y al pago de cuotas.

DESESTIMACIÓN DE APELACIÓN—RESOLUCIÓN INAPELABLE—CONSTITUCIONALIDAD DE
LA LEY.—Cuando se desestima una apelación por ser inapelable la resolución
contra la cual se ha establecido, no cabe discutir en el mismo recurso la
constituciónalidad de la ley que hace inapelable tal resolución.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Francis & de Jesús.*

Abogados de los apelados: *Sres. Feliú & Alemañy.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

·Se trata de un recurso de apelación interpuesto por Diez
& Pérez, S. en C., contra sentencia de la Corte de Distrito
de Mayagüez de 30 de octubre de 1918, desestimando la ape-
lación interpuesta por dicha sociedad de la resolución adop-
tada por la Comisión de Indemnizaciones a Obreros, en sesión
de febrero 18, 1918, cargando a Diez & Pérez la suma de
$2,202 como indemnización por la muerte del· obrero Félix
Rivera.

La resolución de la Comisión de Indemnizaciones a Obre-
ros de febrero 18, 1918, dice así:

"Sesión No. 87.—Febrero 18, 1918.—Félix Rivera.   Caso 2–103.—
Presentó el Sec. Administrativo a la Comisión la documentación re-
lacionada con el caso de accidente en la tahona de café de los Sres.
Diez y Pérez, de Añasco, P. R., incluyendo el informe del agente
especial de la Comisión, Sr. Correas, solicitud de indemnización, y
demás informes.—Vista la solicitud presentada por Ursula· Carrero
a nombre de los hijos naturales reconocidos del obrero fenecido
Justa, Luciano y Braulio Rivera, declarados herederos legales de
Félix Rivera, por la Corte de Distrito de Mayagüez; vistos los he-
chos según se desprenden de las declaraciones juradas presentadas;
vistas también las declaraciones de los testigos Tomás Rodríguez y
Juan Ramírez al efecto de que estos herederos dependían exclusiva
mente para su sostenimiento del obrero fenecido; visto que el pa-
trono, los Sres. Diez y Pérez, S. en C., se hallaba bajo las disposicio-
nes de la Ley de Indemnizaciones a Obreros en la fecha del accidente,
y nunca rechazó sus beneficios como dispone su artículo 23, ni re-
mitieron a la Comisión de Indemnizaciones a Obreros, la nómina
de empleo o informe a que hace referencia el artículo 16 de la Ley;
la Comisión de Indemnizaciones a Obreros, acordó unánimemente:

Que éste es un caso de accidente de los previstos en el párrafo 5°. del artículo 23 de la Ley de Indemnizaciones a Obreros, aprobada el 13 de abril y enmendada el 12 de abril 1917, y que los herederos legales Justa, Luciano y Braulio Rivera tienen derecho a percibir, y así se le asigna, una indemnización de $1,500 más ¾ del jornal semanal del obrero fenecido ($3.375) por 208 semanas ($702), o sean una suma total de $2,202, la cual suma, según el párrafo 5°. del artículo 23 de la ley de referencia, se le carga al patrono, Sres. Diez & Pérez, S. en C., de Añasco, P. R., y se acuerda, además, que esta resolución sea comunicada al Sr. Tesorero de Puerto Rico para los efectos co·rrespondientes.—Attest: V. Laborde, Sec. Adm.''

La resolución transcrita fué comunicada en marzo 9, 1918 a Diez & Pérez indicándoles, además, que el Tesorero de Puerto Rico había sido notificado del acuerdo de la comisión y oportunamente les daría aviso sobre el particular.

Y el aviso del Tesorero de Puerto Rico está redactado en los siguientes términos:

''Fondo de depósito para indemnizaciones a obreros.—San Juan, Puerto Rico, marzo 7 de 1918. Sres. Diez & Pérez, S. en C., Añasco, P. R.—Señores: Por la presente se notifica a ustedes de que según acuerdo de la comisión de Indemnizaciones a Obreros de fecha 13 de febrero último, y en cumplimiento de lo preceptuado en el párrafo 5°. del artículo 23 de la Ley de Indemnizaciones a Obreros, según fué enmendada en abril 12, 1917, se ha cargado a Uds. la cantidad de $2,202 a que asciende el montante total de la indemnización que dicha Comisión autorizó pagar a Justa, Luciano y Braulio Rivera, herederos legales del obrero Félix Rivera, quien falleció a consecuencia de un accidente sufrido mientras se hallaba trabajando en la tahona de café que Uds. poseen en esa población.—La predicha cantidad de $2,202 constituye, según la citada Ley, una deuda de Uds. a favor del Fondo de Depósito para Indemnizaciones a ·Obreros, y debe ser pagada, dentro del término de treinta días a contar desde hoy, esto es, antes del 6 de abril de 1918, en este Departamento de Hacienda al oficial encargado de asuntos financieros, ingresos y sellos.—Se les encarece se sirvan pagar la indicada suma en el término señalado a fin de evitarse la acumulación de recargos y el cobro por el procedimiento ejecutivo que la ley dispone. Atentamente, Firmado: José E. Benedicto, Tesorero.—Nota: El pago debe hacerse en moneda corriente, giro postal o cheque certificado.''

La mercantil Diez & Pérez archivó en la Corte de Distrito de Mayagüez en 9 de abril de 1918 escrito de apelación contra la decisión de la Comisión de Indemnizaciones a Obreros de 18 de febrero de 1918, en que alega que nunca fué patrono del obrero Félix Rivera; que éste nunca fué empleado de la mercantil Diez & Pérez; que dicha mercantil no ha sido en fecha alguna desde el 13 de abril de 1916 patrono que regularmente emplee cinco obreros o más; que el fenecido Félix Rivera no ha sido en época alguna empleado regularmente con Diez & Pérez; que el accidente de que se trata no es uno por el que deba concederse indemnización de acuerdo con la Ley de Indemnizaciones a Obreros de 1916 enmendada en abril de 1917; que Justa, Luciano y Braulio Rivera no son herederos legales del difunto Félix Rivera ni a la fecha de la muerte de éste eran hijos legítimos ni naturales reconocidos del mismo; que la subsistencia de Justa, Luciano y Braulio Rivera no dependía de lo que éste ganaba; que el accidente a que el caso se refiere ocurrió sin culpa o negligencia por parte de Diez & Pérez y fué completamente fortuito; que no se han observado en la tramitación del caso ante la Comisión de Indemnizaciones a Obreros los procedimientos requeridos por la ley; que los procedimientos seguidos ante la Comisión de Indemnizaciones a Obreros y ante el Negociado del Trabajo han sido llevados a efecto sin intervención alguna de Diez & Pérez; y que esa sociedad ha sido condenada sin haber sido notificada, citada ni oída en tales procedimientos.

La representación de Úrsula Carrero en su carácter de madre con patria potestad sobre sus hijos menores Justa, Luciano y Braulio Rivera y Carrero, herederos legales de su padre Félix Rivera, hizo moción a la corte para que la apelación fuera desestimada, alegando como razones que la sociedad apelante no tiene derecho a apelar de la decisión de la Comisión de Indemnizaciones a Obreros según el párrafo 8 del artículo 12 de la Ley sobre Indemnizaciones a

Obreros aprobada en 13 de abril de 1916, y que la apelación fué radicada en la Corte de Distrito de Mayagüez fuera del término que concede el artículo 12 de la ley citada.

Oída la anterior moción fué declarada con lugar en sentencia de 30 de octubre de 1918 y desestimada en su consecuencia la apelación interpuesta por Diez & Pérez, por el fundamento de que no aparecía del récord del caso que la demandada Diez & Pérez fuera un patrono al cual se le hubiera impuesto cuota de acuerdo con las disposiciones de la ley a los efectos del párrafo 8 del artículo 12 de la Ley de Indemnizaciones a Obreros de 1916 y que por el contrario estaba sujeto a dicha ley sin que hubiera optado por rechazar los beneficios de la misma, habiendo dejado de cumplirse sus disposiciones con respecto a la presentación de informes y al pago de cuotas según lo dispuesto en el párrafo 5 del artículo 23 de dicha ley enmendada por la No. 9 de 1917.

Esa sentencia fué apelada por la sociedad Diez & Pérez, cuya representación alega como motivos del recurso:

*Primero.*—Que la Corte de Distrito de Mayagüez cometió error al desestimar la apelación, porque la negativa de ese recurso produciría el efecto de privar a la demandada de su propiedad sin debido proceso de ley; y

*Segundo.*—Que la misma corte cometió error al desestimar la apelación porque tal resolución tiene el efecto de negar a dicha mercantil Diez & Pérez la igual protección de las leyes.

La parte apelante no alega que se halla comprendida en el caso específico del párrafo 8 del artículo 12 de la Ley de Indemnizaciones a Obreros de 13 de abril de 1916, en que precisamente se funda el juez para negarle el derecho de apelación de la decisión de la Comisión de Indemnizaciones a Obreros de 18 de febrero, 1918.

El párrafo 8 del artículo 12 de la Ley de Indemnizaciones a Obreros de 1916, dice así:

"Se concederá apelación de la decisión de la Comisión de Indem-

nizaciones a Obreros a cualquier patrono, al cual se hubiere impuesto cuota de acuerdo con las disposiciones de esta Ley, solamente en caso que la decisión de la Comisión de Indemnizaciones a Obreros fuere al efecto de que el accidente es uno por el cual debe concederse indemnización de acuerdo con las disposiciones de esta Ley.''

Y no aparece del récord como acertadamente establece el juez en su sentencia que Diez & Pérez sea un patrono al cual se hubiere impuesto cuota de acuerdo con las disposiciones de la Ley No. 19 de Indemnizaciones a Obreros, de 13 de abril de 1916, enmendada por la No. 9 de 12 de abril de 1917.

Dicha cuota había de imponerse y cobrarse con sujeción a los tipos que establece el artículo 13 de la Ley No. 19 de 1916 según ha sido enmendada por la No. 9 de 1917; y para ello era preciso que la sociedad Diez & Pérez hubiera cumplido con la obligación que le impone el artículo 16 de la Ley No. 19 de presentar a la Comisión de Indemnizaciones a Obreros el estado demostrativo de obreros y jornales en los términos prevenidos por dicho artículo, lo que no verificó a pesar de estar sujeta a la ley y no haber rechazado sus beneficios mediante declaración escrita presentada a la Comisión de Indemnizaciones a Obreros, según dispone el artículo 23 de la Ley de 1916 enmendado por la de 1917. Ese artículo 23 enmendado contiene en su apartado 5º. el siguiente precepto:

''Caso que sobreviniere cualquier lesión a cualquier obrero de un patrono que esté sujeto a la ley y el cual no ha optado por rechazar los beneficios de la ley según se dispone en la presente, y que haya dejado de cumplir las disposiciones de la ley con respecto a la presentación de informes y al pago de cuotas, la Comisión de Indemnizaciones a Obreros queda autorizada para cargar a dicho patrono el montante de la indemnización que la comisión autorizare pagar a dicho obrero y el Tesorero impondrá y tasará dicha cantidad y cobrará ésta en la forma que se prescribe para el cobro de cuotas * * * ''

Bajo la autorización que le otorga el párrafo transcrito

actuó la Comisión de Indemnizaciones a Obreros y acordó la resolución de 18 de febrero de 1918 apelada para ante la Corte de Distrito de Mayagüez.

Contra las resoluciones dictadas en las condiciones expuestas no otorga el artículo 23 recurso de apelación, y tampoco pueden estimarse comprendidas entre las que son susceptibles de apelación de acuerdo con el párrafo 8°. del artículo 12 de la ley, cuyo artículo, como ya hemos dicho, se refiere a patrono al cual se hubiere impuesto cuota de acuerdo con las disposiciones de la ley.

Y los efectos de la resolución que dicte la Comisión de Indemnizaciones a Obreros en virtud de la autorización que le concede el párrafo 5°. del artículo 23 son distintos de los que dicta la misma comisión respecto de patronos a los que se hubiere impuesto cuota de acuerdo con las disposiciones de la ley, pues en el último caso la indemnización debe pagarse por el Tesorero de Puerto Rico del Fondo de Depósito para Indemnizaciones a Obreros, depósito mandado constituir por el artículo 1°. de la ley, y en el primero la Comisión carga al patrono el montante de la indemnización y el Tesorero la cobra directamente del patrono en la forma prescrita para el cobro de cuotas.

Estimamos como consecuencia de lo expuesto que la resolución de la Comisión de Indemnizaciones a Obreros de 18 de febrero de 1918 no está comprendida en el párrafo 8 del artículo 12 de la Ley de Indemnizaciones a Obreros y que, por tanto, no cabe contra ella recurso de apelación. Y como el recurso de apelación no es un derecho constitucional sino un privilegio estatutorio, sean cuales fueren las consecuencias de la negativa de dicho recurso en relación con los perjuicios que puedan irrogarse a la parte apelante, nunca estaríamos autorizados para otorgarle un derecho que la ley no le otorga, función propia del poder legislativo y no de las cortes de justicia.

Si no cabe considerar mediante recurso de apelación ánte

la Corte de Distrito de Mayagüez la resolución de la Comisión de Indemnizaciones a Obreros de 18 de febrero de 1918, por la que se cree agraviada la sociedad Diez & Pérez, falta también jurisdicción para discutir y resolver en un recurso abiertamente improcedente la inconstitucionalidad de la Ley de Indemnizaciones a Obreros por los motivos invocados en el recurso. Esa inconstitucionalidad podría alegarse, discutirse y resolverse en procedimiento adecuado al efecto.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.