Rodríguez, Demandante y Apelante, *v.* Comisión de Indemnizaciones a Obreros, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre indemnización.

No. 2165.—Resuelto en junio 22, 1920.

Apelación—Comisión de Indemnizaciones a Obreros—Resoluciones Inapelables.—De acuerdo con la sección 9 de la Ley No. 10 de 1918, no es apelable una resolución de la Comisión de Indemnizaciones a Obreros decidiendo que el reclamante no tiene derecho a indemnización por no depender exclusivamente de su hijo víctima del accidente.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. L. Tormes y H. Tormes.*

Abogado de la apelada: *Sr. J. E. Figueras, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Está envuelta en este caso la interpretación del párrafo primero de la sección novena de la Ley No. 10 de 1918.

Juana María Rodríguez y Ruíz se dirigió a la Comisión de Indemnizaciones a Obreros creada por la sección 6 de la citada Ley No. 10 de 1918, reclamando la indemnización correspondiente a virtud de la muerte de su hijo Baudilio Giner y Rodríguez, acaecida el 22 de enero de 1919, mientras trabajaba como empleado de la central "Rufina." Baudilio, al echar un saco de polvo de bagazo en un conductor, fué

cogido por una rueda del mismo y recibió heridas de tal gravedad que le produjeron la muerte casi instantánea.

La Comisión consideró el caso y dictó la siguiente resolución:

"Vista la última investigación hecha por el investigador y resultando que los padres del lesionado no dependían exclusivamente de lo que él ganaba para su sostenimiento, procede denegarse la solicitud."

María Rodríguez apeló entonces para ante la corte de distrito archivando una demanda en la que se narraron todos los hechos e incidentes del caso. Contestó la Comisión por medio del Fiscal. Se practicó la prueba y la corte de distrito dictó sentencia finalmente declarando sin lugar la demanda de apelación.

No conforme la demandada se dirigió a esta Corte Suprema elevando una transcripción completa de los autos.

Las partes han tratado en sus alegatos todas las cuestiones envueltas pero a nuestro juicio solo es posible estudiar y resolver la relativa a si la resolución de la Comisión de Indemnizaciones a Obreros era o no apelable de acuerdo con el estatuto.

La ley especial aplicable dice así:

"Sólo se concederá apelación de la decisión de la Comisión de Indemnizaciones a Obreros para ante la corte de distrito del distrito en donde ocurrió el accidente al reclamante, cuando la Comisión haya decidido que no ha ocurrido ningún accidente para el cual se provea indemnización por esta ley." Párrafo primero del artículo 9 de la Ley No. 10 de 1918.

La Comisión no decidió aquí que no hubiera ocurrido un accidente para el cual proveyera indemnización la ley, sino que basándose en la investigación practicada decidió que la reclamante no dependía exclusivamente de su hijo y por tanto que no tenía derecho a la indemnización.

Estudiando la ley se observa que hay casos expresamente exceptuados. La sección 4 de la misma comienza así:

"No son accidentes del trabajo y no darán, por consiguiente, derecho a indemnización   *   *   *," y señala cuatro.

Tal vez con el pensamiento fijo en esa sección redactó el legislador el párrafo primero de la sección 9 que dejamos transcrito. De todos modos no podemos forzar la letra de la ley, como sería necesario forzarla, para comprender dentro de ella el caso del apelante, aunque creyéramos que se trataba de una reclamación justa. Ya esta misma Corte Suprema, estudiando la Ley No. 19 de 1916, proveyendo para la indemnización a los obreros que resultaren lesionados, etc., que al fijar el derecho de apelación de las resoluciones de la Comisión de Indemnizaciones a Obreros, lo hacía esencialmente en los mismos términos, e interpretando el párrafo que se refería al derecho de apelación reconocido al patrono, dijo:

"Contra las resoluciones dictadas en las condiciones expuestas no otorga el artículo 23 recurso de apelación, y tampoco pueden estimarse comprendidas entre las que son susceptibles de apelación de acuerdo con el párrafo 8º. del artículo 12 de la ley, cuyo artículo, como ya hemos dicho, se refiere a patrono al cual se hubiera impuesto cuota de acuerdo con las disposiciones de la ley.

*       *       *       *       *       *       *

"Estimamos como consecuencia de lo expuesto que la resolución de la Comisión de Indemnizaciones a Obreros de 18 de febrero de 1918 no está comprendida en el párrafo 8 del artículo 12 de la Ley de Indemnizaciones a Obreros y que, por tanto, no cabe contra ella recurso de apelación. Y como el recurso de apelación no es un derecho constitucional sino un privilegio estatutorio, sean cuales fueren las consecuencias de la negativa de dicho recurso en relación con los perjuicios que puedan irrogarse a la parte apelante, nunca estaríamos autorizados para otorgarle un derecho que la ley no le otorga función del poder legislativo y no de las cortes de justicia." *Carrero et al,* v. *Diez y Pérez.* 27 D. P. R. 474.

Habiendo en consideración todo lo expuesto, no es posible llegar a otra conclusión que no sea la de confirmar la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.