JUNTA EXAMINADORA DE MÉDICOS DE PUERTO RICO, peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. PEDRO PÉREZ PIMENTEL, JUEZ, demandada.

Núm. 1584.—*Sometido:* Febrero 12, 1945. *Resuelto:* Marzo 5, 1945.

*Hon. Procurador General Interino Jesús A. González, Julio Suárez Garriga, Procurador General Auxiliar, y Dubón & Ochoteco,* abogados de la peticionaria; *Vicente Géigel Polanco,* abogado del interventor, apelante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La Ley núm. 26, Leyes de P. R., 1942 ((1) pág. 397), que declaraba la existencia de una emergencia, autorizó a la Junta Examinadora de Médicos "mediante el examen de reválida que determina la Ley" a expedir "Licencia provisio-

624

nal para ejercer la medicina y cirugía en Puerto Rico, en el ramo de beneficencia pública . . ." [1] a "todo médico graduado de una universidad reconocida por la Junta de Médicos Examinadores de Puerto Rico y que hubiere ejercido activamente su profesión en su país por período no menor de cinco años . . ." quien tenga a bien "solicitar de dicha Junta que le expida licencias para ejercer su profesión en la Beneficencia Pública Municipal de la Isla . . .".[2] Dichas licencias expirarían "un año después de la terminación del actual conflicto bélico . . .".[3] Y podrán "revocarse por la misma Junta cuando el médico interesado se separare voluntariamente del servicio de beneficencia municipal . . .".[4]

La exposición de motivos y las secciones 1 y 2 indican que el propósito de la Ley núm. 26 fué el hacer posible que Puerto Rico utilice los servicios de extranjeros que estuvieran dispuestos a venir a la Isla mientras durara la emergencia y que reúnan todos los requisitos para la expedición de una licencia permanente con excepción del de la ciudadanía.

De conformidad con dicha ley, la Junta expidió una licencia provisional a Gregorio Sicard Espinola. Algún tiempo después la Junta comenzó los pasos necesarios para anular dicha licencia. La Junta celebró una vista del caso, y revocó la licencia del Dr. Sicard. Entonces éste radicó ante la Corte de Distrito un "escrito de revisión y apelación." La Junta solicitó se desestimara la petición de revisión por falta de jurisdicción. La corte inferior declaró sin lugar esta moción. Considerando que era de interés público esta cuestión de jurisdicción, expedimos el auto de *certiorari* a tenor con la Ley núm. 32 de 1943 (pág. 85) para revisar la resolución de la Corte de Distrito.

La Ley núm. 22, Leyes de P. R., 1931 (pág. 205), es un cuidadoso y completo estatuto diseñado para regular la

---

(1) Sección 4.
(2) Sección 2.
(3) Sección 6.
(4) Sección 4.

práctica de la medicina en Puerto Rico a través de la Junta Examinadora de Médicos que dicha Ley crea. El artículo 23 provee un detallado procedimiento de conformidad con el cual la Junta tiene poder para anular temporal o permanentemente, debido a ciertas causas específicas, la licencia otorgada a un médico para ejercer su profesión. Este artículo finaliza con un *Disponiéndose* al efecto de que si la anulación o suspensión fuere por más de un año no será firme "mientras una corte de distrito no lo haya revisado y juzgado el caso; y la persona interesada podrá apelar para ante dicha corte dentro del término de treinta días."

Arguye la Junta en este caso que el artículo 23 de la Ley núm. 22 de 1931 sólo cubre las licencias permanentes y ciertas licencias especiales que no están aquí envueltas, y por tanto dicho artículo no puede aplicarse a los hechos de este caso. Suposición es que la ley de emergencia—Ley núm. 26 de 1942—es un estatuto especial con un propósito especial; que cubre totalmente y por sí sola todos los aspectos de licencias provisionales expedidas a extranjeros; y que ni es complementaria a ni es completamentada por la Ley núm. 22 de 1931 ni por ninguna otra ley. Y toda vez que en la propia Ley núm. 26 no se encuentra derecho alguno para revisar las actuaciones de la Junta al revocar una licencia provisional, la Corte de Distrito no tenía jurisdicción en este caso. En apoyo de esta teoría cita *Carreras* v. *Comisión de la Policía Insular, etc.,* 60 D.P.R. 549; *Carrero, et al.* v. *Diez & Pérez, S. en C.,* 27 D.P.R. 468; y *Rodríguez* v. *Comisión de Indemnizaciones a Obreros,* 28 D.P.R. 639.

Asumimos, sin decidirlo, que la Legislatura podía, de haberlo preferido, eliminar cualquier disposición en cuanto a la revisión de los procedimientos de la Junta por la Corte de Distrito. Por tanto es innecesario considerar los casos citados por la Junta. Del mismo modo, no tenemos que examinar los casos citados por el Dr. Sicard para sostener su teoría de que el dejar de proveer tal revisión violaría la cláusula del debido procedimiento. Esto es así porque somos de

opinión que la legislatura tuvo la intención que la disposición de revocación de una licencia temporal que se encuentra en la sección 4 de la Ley núm. 26 de 1942 estuviera rodeada por las salvaguardas contenidas en el artículo 23 de la Ley núm. 22 de 1931, incluyendo el derecho de que se revisara por la Corte de Distrito la decisión de la Junta en los casos en que la suspensión fuera por más de un año.[5]

No podemos convenir con la Junta en que la Ley núm. 26 rige sola. Por el contrario, de su faz sus disposiciones asumen la existencia de una ley básica creando la Junta y definiendo sus poderes. La Ley núm. 26 amplía los poderes de la Junta con el fin de hacer frente a una emergencia. Pero la Ley núm. 26 está basada en la teoría de que la Ley núm. 22, creando una Junta, definiendo sus poderes y deberes y señalando sus procedimientos, existe. Por ejemplo, la Ley núm. 26 dispone ''el examen de reválida que determina la ley'' a los médicos extranjeros que soliciten una licencia provisional de conformidad con la Ley núm. 26. ¿Pero qué ''ley'' dispone tal examen? Nos vemos obligados a recurrir a la Ley núm. 22 en busca de sus disposiciones en cuanto al examen. De la misma manera, concluímos, que cuando la Legislatura dispuso en la Ley núm. 26 que se revocaran las licencias, quiso decir que el estatuto básico—la Ley núm. 22 —supliría el procedimiento para ello. Y el artículo 23 de la Ley núm. 22 dispone que la Corte de Distrito revisará las actuaciones como las realizadas por la Junta en este caso. Parece que la propia Junta, por lo menos en las etapas iniciales del caso, compartía nuestra opinión, ya que durante su propia vista cumplió con todos los elaborados trámites que para ello dispone el artículo 23 de la Ley núm. 22 de 1931. La Corte de Distrito no cometió error al declarar sin lugar la moción de desestimación por falta de jurisdicción.

*El auto de certiorari será anulado.*

---

[5] Toda vez que el Dr. Sicard tendría derecho de acuerdo con la sección 6 de la Ley núm. 26 a ejercer la profesión durante un año después de la terminación de la presente guerra, es obvio que en el presente caso se le está privando de su derecho a ejercer por más de un año.