Gregorio Sicard Espinola, demandante y apelado, *v.* Junta Examinadora de Médicos de Puerto Rico, demandada y apelante.

Núm. 9303.—*Sometido:* Mayo 1, 1947. *Resuelto:* Mayo 19, 1947.

*Hon. Procurador General Interino Luis Negrón Fernández*, y *Luis E. Dubón* y *Félix Ochoteco, Jr.*, abogados de la apelante; *Vicente Géigel Polanco*, abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

De conformidad con la Ley núm. 26, Leyes de Puerto Rico, 1942 (pág. 397),(1) la Junta Examinadora de Médicos expidió el 20 de abril de 1943 una licencia a Gregorio Sicard Espinola autorizándole a ejercer la medicina en Puerto Rico hasta un año después de terminada la guerra. Desde dicha fecha Sicard ha ocupado el cargo de director de beneficencia de Guayama. En 1944 se radicó ante la Junta una querella alegando que desde mayo a diciembre de 1943 Sicard no se había limitado a trabajar en beneficencia pública sino que también se había dedicado a ejercer privadamente la medicina ya que había suministrado tratamiento a siete personas mediante paga en supuesta violación de la Ley núm. 26.

En virtud de la sección 23 de la Ley núm. 22, Leyes de Puerto Rico, 1931 (pág. 205) (véase *Junta Examinadora de Médicos* v. *Corte*, 64 D.P.R. 623), la Junta celebró una vista sobre esta querella, y como resultado de ella revocó la licencia de Sicard. Resolvió que Sicard había suministrado tratamiento a siete pacientes privados mediante paga; que su licencia le exigía dedicarse exclusivamente a la beneficencia pública municipal; y que al revocar esta licencia, ella ac-

(1) La enmienda a la sección 1 de la Ley núm. 26, contenida en la Ley núm. 13, Leyes de Puerto Rico, 1942, Segunda y Tercera Sesiones Extraordinarias (pág. 43), nada tiene que ver con este caso.

tuaba a tenor con la sección 4 de la Ley núm. 26, que dispone que tal licencia provisional puede revocarse por la Junta ''cuando el médico interesado se separe voluntariamente del servicio de beneficencia municipal . . .''

Sicard radicó una petición ante la corte de distrito para que se revisara la resolución de la Junta, según provee la sección 23 de la Ley núm. 22. La corte inferior dictó sentencia anulando la resolución de la Junta. Ésta apela de esa sentencia.

■■ No hay alegación alguna en este caso al efecto de que Sicard no desempeñó satisfactoriamente sus deberes como director de beneficencia pública de Guayama. La única queja contra él es que en esas siete ocasiones asistió a pacientes privados mediante paga. Es cierto que las secciones 2 y 4 de la Ley núm. 26 se refieren a tal licencia como una para ejercer la medicina en beneficencia pública. Pero estas secciones tienen que leerse conjuntamente con la sección 6, que dispone que ''en ningún momento excederá de cincuenta (50) el número de médicos a quienes se autorice al ejercicio *preferente* de la Beneficencia Municipal Pública.'' (Bastardillas nuestras.) Por tanto, convenimos con la corte de distrito en que no fué la intención de la Legislatura impedirle a los médicos admitidos al ejercicio durante la emergencia, de acuerdo con la Ley núm. 26, asistir ocasionalmente a pacientes privados durante las horas que tuvieren libres en el desempeño de sus deberes de beneficencia pública.

Bajo la Ley núm. 26, un solicitante debe reunir ''todos los requisitos para la expedición de una licencia permanente con excepción del de la ciudadanía.'' *Junta Examinadora de Médicos* v. *Corte,* supra, pág. 624. Sicard aprobó el examen a que la Junta lo sometió. Por tanto se presume que reúne los requisitos para ejercer la medicina ya sea en beneficencia pública o privadamente. No podemos suponer que la Junta admite aspirantes que no reúnan los requisitos para ejercer la medicina simplemente porque ellos van a suminis-

trar tratamiento a los pobres. En resumen, la querella en este caso no va dirigida contra la preparación de Sicard, sino contra la competencia que éste hace a otros médicos particulares. Pero a los médicos que son ciudadanos y que disfrutan de licencias permanentes se les permite ejercer tanto en el campo de beneficencia pública como en el particular. Y la Legislatura mediante la Ley núm. 26 no ha impedido al demandante y a otros médicos con tales licencias provisionales que hagan lo mismo. En su consecuencia la conducta de Sicard no infringió la licencia expedídale a tenor con la Ley núm. 26.

Más aún, la sección 4 de la Ley núm. 26 dispone que la Junta puede revocar una licencia provisional cuando el médico voluntariamente se separe de su cargo de beneficencia pública. Pero Sicard continuó trabajando en tal beneficencia. El hecho de que en sus horas libres asistiera a siete pacientes durante un número de meses no constituyó la separación voluntaria de su cargo, que fué el motivo por el cual la Junta le revocó su licencia.

*La sentencia de la corte de distrito será confirmada.*