FIDEL ALONSO CAIÑAS, demandante y apelado, *v.* TRIBUNAL EXAMINADOR DE MÉDICOS DE PUERTO RICO, demandado y apelante.

Número 10659.

*Sometido:* 1 de Octubre de 1952. *Resuelto:* 8 de Diciembre de 1952.

*Hon. Procurador General Víctor Gutiérrez Franqui y Edgar S. Belaval, Procurador General Auxiliar,* abogados del apelante; *S. L. Lagarde Garcés y R. Hernández Matos,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

El antiguo Tribunal de Distrito de Puerto Rico, Sección de San Juan, después de haber declarado sin lugar una moción de desestimación, dictó sentencia sumaria declarando con lugar el recurso de *mandamus* radicado por el doctor Fidel Alonso Caiñas contra el Tribunal Examinador de Médicos, creado por la Ley núm. 22 de 22 de abril de 1931 Leyes de Puerto Rico, 1931, pág. 205.[1] Al efecto ordenó a dicho tribunal y a su Presidente A. Oliveras Guerra y a su Secretario Luis Cueto Coll o, en su caso, a las personas que sustituyesen a esos dos funcionarios en sus cargos, que expidiese una licencia permanente autorizando al demandante a ejercer libremente la profesión de médico-cirujano en esta isla.

De acuerdo con las alegaciones y documentos presentados, el demandante, cubano de nacimiento, posee un título de médico cirujano expedido en 1926 por la Universidad de la Habana, que es una universidad acreditada y registrada por el Tribunal Examinador de Médicos de Puerto Rico. Desde el mes de enero de 1927 hasta enero de 1942 ejerció su profesión en su país natal. En abril de 1942 se trasladó a Puerto Rico y desde entonces ha estado practicando dicha profesión en esta isla en virtud de una licencia provisional[2] expedídale por el tribunal demandado, para ejercer en la beneficencia municipal, luego de haber él aprobado un examen de reválida al efecto. El 15 de agosto de 1949 se convirtió en ciudadano americano por virtud de un procedimiento de naturalización. Obtenida su ciudadanía solicitó

---

[1] Conforme al artículo 4 de la mencionada ley, dicho tribunal "tendrá a su cargo la autorización en la Isla de Puerto Rico, de acuerdo con las disposiciones de esta Ley, del ejercicio de la profesión de médico-cirujano, . . . . . ."

[2] La concesión de dichas licencias provisionales a médicos extranjeros la autorizaba la Ley núm. 26 de 1942, Leyes de Puerto Rico, 1942, pág. 397, según enmendada por la Ley núm. 13 de 23 de noviembre de 1942 ((2) pág. 43). Esta Ley fué derogada por la Ley núm. 383 de 22 de abril de 1946, Leyes de Puerto Rico, 1946, página 1037.

una licencia permanente el 5 de diciembre de 1949. El tribunal demandado denegó su solicitud el 21 de febrero de 1950. Ante esa negativa fué que el demandante instó el presente recurso de mandamus que el antiguo Tribunal de Distrito declaró con lugar.

Contra esa sentencia apeló el tribunal demandado alegando la comisión de tres errores por el tribunal a quo, a saber:

"1. Erró el Honorable Tribunal de Distrito al denegar la desestimación solicitada por el demandado.

"2. Erró el Honorable Tribunal de Distrito al dictar una sentencia sumaria en este caso.

"3. Erró el Honorable Tribunal de Distrito al dictar sentencia sumaria declarando con lugar la demanda."

El apelado, por su parte, alega que este Tribunal no ha adquirido jurisdicción para ver este recurso por no haberse adherido al escrito de apelación el sello de rentas internas de $2 que fija la Ley núm. 17 de 11 de marzo de 1915, Leyes de Puerto Rico, 1915, pág. 45 y solicita que por ese motivo se desestime el mismo. No le asiste la razón. En *Gómez v. Junta Examinadora de Ingenieros*, 40 D.P.R. 662, se levantó igual contención y la misma fué rechazada por este Tribunal diciendo, a la pág. 663, lo siguiente:

"La junta apelante fué creada por la Ley núm. 31 de 1927 para expedir licencia a cualquier persona para dedicarse al ejercicio de la ingeniería, arquitectura o agrimensura; la junta es nombrada por el Gobernador de Puerto Rico con el consejo y consentimiento del Senado Insular; tiene derecho a los servicios del Fiscal General de Puerto Rico en conexión con sus asuntos; usará un sello especial para los certificados y licencias que expida; tiene derecho a cobrar determinadas cantidades; ingresará su dinero en el Tesoro Insular, que se mantendrá en un fondo especial; y sus gastos serán pagados de ese fondo por comprobantes del Auditor de Puerto Rico.

"Lo expuesto demuestra que esa junta es una dependencia del Gobierno de Puerto Rico y que por consiguiente no está obligada a pagar sellos de rentas internas porque El Pueblo de Puerto Rico no tiene que usarlos en sus asuntos."

Lo antes dicho es igualmente aplicable al Tribunal Examinador de Médicos. Dicho tribunal fué creado por la Ley núm. 22 de 22 de abril de 1931, y tiene a su cargo la autorización, en esta Isla, del ejercicio de la profesión de médico-cirujano, y osteópata y de las profesiones auxiliares, estando autorizado para expedir licencias para las profesiones de médico-cirujano, osteópata, practicante y comadrona (artículo 4 de la Ley); el tribunal es nombrado por el Gobernador con el consejo y consentimiento del Senado de Puerto Rico (artículo 1 de la Ley); viene obligado a rendir un informe anual al Gobernador sobre su trabajo y cuentas de ingresos y egresos (artículo 6 de la Ley); tiene derecho a los servicios del Procurador General, en conexión con sus asuntos (artículos 14 y 23); usa un sello especial para los certificados y licencias que expide (artículo 2); tiene derecho a cobrar determinadas cantidades (artículo 12); ingresa su dinero en el Tesoro Insular, en un fondo especial y sus gastos son pagados de ese fondo, si fuere suficiente, y en caso contrario el déficit será cubierto por el Tesorero de Puerto Rico con cualquier fondo existente en el Tesoro Insular, no destinado a otros fines (artículo 13).

Es claro a nuestro juicio, que el Tribunal Examinador de Médicos es una dependencia del gobierno y que por consiguiente no está obligado a pagar sellos de rentas internas.

Por lo tanto, asumimos jurisdicción en el recurso y procederemos a examinar los errores levantados por el apelante.

■■■ Alega dicho apelante que la demanda radicada no aduce hechos suficientes para constituir una causa de acción y que siendo ello así debió el tribunal a quo desestimar la misma. Regla 12b (6) de las de Enjuiciamiento Civil. La alegada ausencia de causa de acción se predica en el hecho de que la demanda fué dirigida contra el Tribunal Examinador de Médicos de Puerto Rico como tal, sin especificar ni mencionar las personas que lo componen, alegándose que como tribunal en sí, el mismo no tiene capacidad para deman-

dar y ser demandado y que a quien hay que demandar es a las personas que lo componen. No le asiste la razón al apelante. De acuerdo con los términos expresos de nuestra ley, el auto de mandamus puede dirigirse contra una junta como tal. El artículo 2 de la Ley Estableciendo el Auto de Mandamus (artículo 650 del Código de Enjuiciamiento Civil) dispone que "El auto de *mandamus* . . . . se dirigirá a cualquier tribunal inferior, corporación, junta o persona obligada al cumplimiento de un acto que la ley particularmente ordene como un deber resultante de un empleo, cargo o función pública; . . . . ." No hay duda de que es el Tribunal Examinador de Médicos como tal el que tiene el deber de expedir licencias de médico-cirujano. El artículo 14 de la ley que lo crea, después de enumerar los requisitos que debe llenar todo aspirante a obtener una licencia de médico-cirujano, dispone que "Una vez llenados los requisitos anteriores, . . . . . y una vez aprobados los exámenes que señala el inciso 2 de este artículo, *el Tribunal expedirá al interesado una licencia* autorizándolo para ejercer libremente la profesión de médico cirujano . . . . . en la Isla de Puerto Rico." (Bastardillas nuestras.) Ese es, pues, un deber del tribunal en sí, independientemente de quienes sean los miembros que lo componen. Puede, por ende, dirigirse el auto contra el tribunal como tal porque el auto de mandamus no se frustra (*abates*) por el hecho de que haya un cambio en el personal de la junta. *Murphy* v. *Utter*, 186 U.S. 95; Anotación 102 A.L.R. 943, 962. Como se dice en el caso de *Middle States Utilities Co.* v. *City of Osceola*, 1 N.W.2d 643, "Las decisiones al efecto parten de la base de que la parte realmente interesada es el organismo público que la junta representa y no los individuos que la componen al momento de requerirse el cumplimiento del deber; que decir lo contrario es sacrificar la substancia a la forma." Técnicamente hablando, la única parte demandada verdaderamente necesaria y propia es la parte sobre la cual pesa el deber de

cumplir el acto requerido. Ferris, *Extraordinary Legal Remedies*, sección 234, pág. 276. Por lo demás, el tribunal en cuestión ya ha sido demandado como tal en dos ocasiones anteriores. *Sicard* v. *Junta Examinadora de Médicos*, 67 D.P.R. 342 y *Junta Examinadora de Médicos* v. *Corte*, 64 D.P.R. 623. Si bien en dichos casos no se levantó el punto ahora en discusión, la acción de la corte en dichos casos al decidir los mismos debe considerarse como una aprobación de esa forma de procedimiento. *Cf. Levering* v. *Board of Sup'rs.*, 112 Atl. 301.

Continúa alegando el apelante que el tribunal a quo debió desestimar la demanda porque, aun asumiendo que no era necesario mencionar a los componentes del tribunal, resulta que no se puede demandar al tribunal como tal porque la ley que lo crea no le confiere poder para demandar y ser demandado. Sostener la contención del apelante sería reconocer que en un caso como el presente, el tribunal demandado puede negarse a cumplir los deberes que le impone la ley, en violación de los derechos que el estatuto crea a favor de determinadas personas, sin que los tribunales de justicia puedan obligarle, mediante auto de mandamus, a cumplir con tales deberes. El practicar la medicina y la cirugía no es un derecho natural al que tenga derecho cualquier persona sino que, antes bien, dicha práctica está subordinada al ejercicio del poder público de preservar y proteger la salud pública. *Infante* v. *Junta de Médicos Exam. de P. R.*, 43 D.P.R. 325; *Lambert* v. *Yellowley*, 272 U.S. 581, 596; *Douglas* v. *Noble*, 261 U.S. 165. Puede, por ello, la Legislatura reglamentar dicha práctica razonablemente. *People* v. *Witte*, 146 N.E. 178; *State* v. *Armstrong*, 225 Pac. 491; *State* v. *Borah*, 76 P.2d 757. Por la Ley núm. 22 de 22 de abril de 1931 nuestra Legislatura reglamentó la práctica de la medicina y cirugía señalando los requisitos que debe llenar un aspirante a la práctica de dicha profesión, facultando al Tribunal Examinador de Médicos para expedir la licencia

una vez llenados esos requisitos. En el ejercicio de esa facultad, el tribunal carece de discreción para negar la licencia después de haberse llenado los requisitos de ley por el aspirante. La sección 14 ya citada así lo dispone al expresar que luego de llenados los requisitos de ley y aprobado el examen de reválida, "el tribunal *expedirá* al interesado una licencia autorizándolo a ejercer libremente la profesión de médico cirujano . . . ." Tal lenguaje no deja margen de discreción alguna a ser ejercitada por el tribunal, siendo su deber al efecto un deber ministerial. Si en tales circunstancias el tribunal se niega a expedir la licencia, entonces le está negando al aspirante un derecho que la ley le concede y procede el mandamus para compeler a la junta a que expida la misma. *York* v. *State*, 197 So. 766; *Kahn* v. *State Board of Examiners of Optometry*, 161 Atl. 12; *State* v. *Bartlett*, 32 A.2d 58; *State* v. *Adcock*, 124 S.W. 1100, 1103.

Por último alega el apelante que debió desestimarse la acción porque el demandante incurrió en *laches* (incuria). La defensa de incuria (laches) puede levantarse en un caso de mandamus. *Rivera* v. *Pons, Comisionado*, 66 D.P.R. 930. Sin embargo, la jurisprudencia es casi unánime al efecto de que para que prospere la defensa de incuria (laches), la dilación en el ejercicio del derecho debe haber causado algún daño al demandado. *Jiménez* v. *Junta de Retiro*, 61 D.P.R. 171 y casos citados a la página 180. El tribunal demandado no ha hecho tal demostración.

Alega también el demandado que debió desestimarse la demanda porque el demandante no ha demostrado tener derecho a que su licencia temporera se cambie por una permanente por cuanto que la ley no autoriza tal cambio. Sin embargo, es fácil ver que no se trata de una petición para cambiar el carácter de una licencia sino que es más bien una demanda para que se le expida una licencia. No tiene, pues, razón el apelante.

Los errores segundo y tercero pueden discutirse

conjuntamente. Luego de contestada la demanda, no quedaba en realidad ningún hecho material en controversia. Sin embargo, el apelante alega lo contrario y afirma que de las "alegaciones surge una cuestión de hechos sustancial: si el demandante aprobó o no el examen de reválida que fija la ley." Se basa esta contención en el hecho de que el tribunal demandado negó que el demandante hubiese aprobado el examen de reválida que determina el artículo 11 de la ya citada ley de 1931 y que alegó, por el contrario, que el examen aprobado por el demandante fué "un examen especial menos extenso y menos comprensivo que, el examen de reválida dado a aquellos médicos aspirantes a licencia permanente," sosteniendo que de la carta que unió el demandante a su moción de sentencia sumaria "aparece claramente que el examen dado al demandante fué un examen especial y no el examen regular." (3) Es esa en realidad la cuestión fundamental que tenemos que resolver en este caso.

Como dijimos antes, el demandante vino a Puerto Rico a practicar su profesión de acuerdo con los términos de la Ley núm. 26 de 10 de abril de 1942, supra, escolio 2, según enmendada por la Ley núm. 13 de 23 de noviembre de 1942, derogada por la Ley núm. 383 de 1946, supra. Dicha ley reconoció el problema con que se confrontaban los municipios de la isla al carecer de médicos para prestar servicios en la Beneficencia Pública Municipal y autorizó al efecto al Tribunal Examinador de Médicos a expedir, libre de derechos,

---

(3) Dicha carta lee así:

"Government of Puerto Rico
"Board of Medical Examiners
"San Juan
"12 de noviembre de 1942

"Dr. Fidel Alonso Caiñas,
"Utuado, Puerto Rico
"Estimado amigo:
"Pláceme informarle que usted aprobó el examen especial que le fuera dado por el Tribunal Examinador de Médicos de Puerto Rico, de acuerdo con lo dispuesto en la Ley núm. 26 del año en curso.
"Transcribo a continuación, para su conocimiento, las notas obtenidas por usted en las distintas asignaturas:

permisos renovables hasta cubrir el período de emergencia (⁴) a todos los médicos que reuniesen las condiciones requeridas por dicha ley. La sección 4 de esa ley dispone que "La Junta de Médicos Examinadores (sic), *mediante el examen de reválida que determina la ley* y luego de comprobar los demás extremos de la solicitud, expedirá licencia provisional para ejercer la medicina y cirugía en Puerto Rico, en el ramo de beneficencia pública a todo médico que así lo solicitare; . . ." (Bastardillas nuestras.) El aquí demandante aprobó el examen de reválida y se le extendió licencia provisional luego de comprobarse que reunía los demás requisitos de ley. (⁵) El tribunal demandado alega ahora, que el examen de revá-

"Anatomía e Histología.................. 70
"Fisiología e Higiene.................... 76
"Materia Médica, Terapéutica, etc......... 81
"Patología y Bacteriología................ 77
"Cirugía General......................... 78
"Obstetricia y Ginecología................ 87
"Medicina General y Diagnóstico........... 92
"Medicina Tropical y Laboratorio.......... 91
"Clínica Práctica........................ 80

"Oportunamente le será enviada la Licencia Especial autorizándole a ejercer como médico de beneficencia en el municipio que le fuere asignado por la Junta Territorial de Beneficencia, durante el período de tiempo especificado en la Ley núm. 26 del 1942.

"Cordialmente suyo,
"(Fdo.) O. Costa Mandry
"O. Costa Mandry, M.D.
"Secretario-Tesorero"

(⁴) Dicho período de emergencia se fijó hasta un año después de la terminación del conflicto bélico existente en aquel momento.

(⁵) La sección 3 de la misma ley dispone, al efecto, que:
"Para acogerse a las disposiciones de esta Ley de emergencia, los médicos solicitantes han de llenar los siguientes requisitos:
"(a) Ser mayores de veintiún (21) años.
"(b) Hablar el idioma español.
"(c) Ser graduado de colegios de reputación reconocida.
"(d) Suscribir solicitud jurada comprometiéndose a ejercer en la Beneficencia Municipal, allí donde sea asignado por la Junta Territorial de Beneficencia o a trabajar durante un año como médico interno en uno de los hospitales de la Isla de Puerto Rico a que sea asignado por dicha junta.
"(e) Estar identificado con la filosofía y los propósitos de las ideas democráticas."

lida aprobado por el demandante fué uno especial. No vemos en verdad cómo puede alegar tal cosa. Conforme a los términos expresos de la ley, el Tribunal Examinador de Médicos, antes de conceder la licencia provisional, tenía que ofrecer al peticionario "el examen de reválida que determina *la ley.*" (Bastardillas nuestras.) Esa ley no puede ser otra que la Ley núm. 22 de 1931, supra. Ninguna otra ley autoriza la concesión de exámenes de reválida para aspirantes a licencias de médico-cirujano. Como dijimos en el caso de *Junta Examinadora de Médicos* v. *Corte,* supra, página 626, "No podemos convenir con la Junta en que la Ley núm. 26 rige sola. Por el contrario, de su faz sus disposiciones asumen la existencia de una ley básica creando la Junta y definiendo sus poderes. La Ley núm. 26 amplía los poderes de la Junta con el fin de hacer frente a una emergencia. Pero la Ley núm. 26 está basada en la teoría de que la Ley núm. 22, creando una Junta, definiendo sus poderes y deberes y señalando sus procedimientos, existe. Por ejemplo, la Ley núm. 26 dispone 'el examen de reválida que determina la ley' a los médicos extranjeros que soliciten una licencia provisional de conformidad con la Ley núm. 26. ¿Pero qué 'ley' dispone tal examen? Nos vemos obligados a recurrir a la Ley núm. 22 en busca de sus disposiciones en cuanto al examen."

Sostener lo contrario sería aceptar que los requisitos técnicos señalados a los médicos con licencia provisional son menores que los que debe tener un médico a quien se le va a conceder una licencia permanente. No podemos creer que el legislador intentara tal cosa. Véase *Sicard* v. *Junta Examinadora de Médicos,* supra. Los servicios médicos que va a rendir al pueblo tanto un médico con licencia provisional como uno con licencia permanente son los mismos. Ambos requieren del médico los conocimientos técnicos básicos. No podemos atribuir al legislador la intención de poner la beneficencia pública en manos de médicos-cirujanos inexpertos,

y faltos de preparación. Antes bien, exigió que los aspirantes a dichas licencias provisionales aprobasen, salvo el caso de los que fueren a trabajar como internos en un hospital de Puerto Rico, el examen de reválida que determina la ley y que además llenasen algunos requisitos adicionales tales como hablar el idioma español, comprometerse a ejercer allí donde fuese asignado por la junta y estar identificado con la filosofía y los propósitos de las ideas democráticas. Por lo demás, los requisitos que tendría que llenar son los mismos que los que señala la Ley núm. 22 de 1931, según enmendada, para la expedición de una licencia permanente, con la excepción del requisito de ciudadanía. Véase *Junta Examinadora de Médicos* v. *Corte*, supra. Concluimos pues, que el examen de reválida que aprobó el demandante no fué uno especial sino el examen regular que determina la ley. Por otro lado, el demandado no ha controvertido la presunción establecida en el inciso 32 del artículo 464 del Código de Enjuiciamiento Civil (artículo 102 de la Ley de Evidencia), al efecto de "Que la ley ha sido acatada," sino que, más bien, se limitó a alegar que el examen aprobado por el demandante fué uno especial, mas no ha apoyado esa alegación con *affidavits* o documento alguno que controvierta la alegación del demandante. El tribunal demandado ha descansado en la carta dirigida por su secretario-tesorero al Dr. Alonso Caiñas en 12 de noviembre de 1942 (*exhibit* C del demandante copiado en el escolio 4 de esta opinión). En primer lugar, la calificación de "especial" que se le diera en dicha carta al examen aprobado por el demandante, no es decisiva. Tal calificación envuelve únicamente una conclusión. En segundo lugar, dicha carta no demuestra positiva y terminantemente que tal examen especial no abarcara todas las materias especificadas en el artículo 11 de la Ley núm. 22 de 1931.([6]) Pudo el tribunal demandado hacer tal de-

---

([6]) Dicho artículo 11, lee así:

"Los exámenes de reválida de médicos cirujanos se efectuarán por escrito y según las reglas que dicte el Tribunal, sobre las siguientes

mostración, mas optó por descansar en la interpretación que se diera a su carta, de 12 de noviembre, la que como hemos visto, contiene un "etc." refiriéndose a las materias aprobadas por el demandante, cuyo significado se ha dejado de explicar. Siendo ello así, no puede ahora en apelación, alegar que había un hecho material en controversia. *Escalera* v. *Armenteros*, ante pág. 11; *Foster* v. *General Motors*, 191 F.2d 907, *cert.* denegado 343 U.S. 906. Habiendo nosotros concluído que el examen aprobado por el demandante fué el examen regular que fija la Ley de 1931, y probado además que el demandante obtuvo la ciudadanía americana, es evidente que cumple con todos los requisitos [7] que señala la

---

materias: anatomía humana, histología normal y patológica, fisiología, bacteriología, higiene pública y privada, medicina general y diagnóstico, cirugía general, obstetricia, ginecología, farmacología, medicina legal y toxicología, materia médica y terapéutica, enfermedades tropicales, y además se efectuará un examen clínico práctico."

[7] Dichos requisitos los enumera el artículo 14 de dicha ley, según enmendada, y son los siguientes:

"Toda persona que aspire a obtener licencia para ejercer en la Isla de Puerto Rico la profesión de médico cirujano o la de osteópata, deberá llenar los siguientes requisitos:

"1. Ser mayor de edad y ciudadano de Estados Unidos de América.

"2. Haber aprobado los exámenes a que se refiere el artículo 11 de esta Ley.

"3. En defecto del anterior requisito haber obtenido licencia para ejercer dicha profesión mediante exámenes sufridos ante el tribunal correspondiente en alguno de los Estados de la Unión Americana, con el cual el Tribunal Examinador de Médicos haya establecido relaciones de reciprocidad, según se autoriza en el artículo 9 (sic) de esta Ley; *Disponiéndose*, que los aspirantes a licencia que haya de obtenerse mediante los exámenes a que alude el inciso 2 de este artículo, cuyos títulos profesionales hubieren sido expedidos por alguna universidad que no exija como requisito para ingresar en la facultad de medicina un grado de bachiller o lo que estime la equivalencia del mismo, deberán además de los estudios correspondientes a los cuatro años de una alta escuela acreditada, haber aprobado no menos de dos años de bachillerato en un colegio en el cual se enseñen ampliamente, entre otras materias, las de química orgánica e inorgánica, física superior, biología avanzada y un idioma extranjero.

"4. Poseer un diploma o título de médico cirujano expedido por alguna Universidad acreditada de los Estados Unidos, Puerto Rico, o país extranjero, registrada por el Tribunal Examinador de Médicos y que mantenga un alto nivel en las materias propias de dicha profesión.

susodicha Ley de 1931, y que por ende, carece el Tribunal Examinador de Médicos de Puerto Rico, de discreción para negarse a expedirle la licencia permanente.

*Debe confirmarse la sentencia apelada.*

"5. El aspirante suministrará evidencia satisfactoria al Tribunal Examinador de Médicos de que después de haberse graduado en la escuela de medicina ha trabajado como interno por no menos de un año en un hospital aprobado por el tribunal.

"6. Practicar por un período mínimo de un año como médico en un municipio de segunda o tercera categoría de Puerto Rico bajo la supervisión del Tribunal Examinador de Médicos de Puerto Rico mediante licencia especial expedida al efecto, indicando el pueblo donde habrá de llevarse a cabo dicha práctica; *Disponiéndose,* que en lugar de este requisito un médico podrá hacer solicitud y ser admitido a examen una vez pasados dos años de residir en un hospital aprobado por el Consejo de Instrucción Médica y Hospitales de los Estados Unidos (*Council of Medical Education and Hospitals of the United States*) o que se encuentre en la lista de hospitales aprobados del Tribunal Examinador de Médicos de Puerto Rico.

"7. Aquellas personas que se hubieran graduado antes de la aprobación de esta Ley serán admitidas al someter, en lugar del requisito de un año de internado, evidencia de haber ejercido legalmente la profesión de medicina por un período de cinco años en los Estados Unidos o en cualquier otro país."