DR. LUIS ALBERTO CEDEÑO SANTIAGO, demandante y apelante, *v.* JUNTA DENTAL EXAMINADORA, compuesta por los doctores JUAN TORRUELLAS CASALS, PRESIDENTE; ERNESTO DÁVILA DÍAZ y FRANCOIS GARCÍA, demandados y apelados.

Número 11565.

*Sometido:* 11 de junio de 1956. *Resuelto:* 29 de junio de 1956.

*Santos P. Amadeo* y *Antonio J. Amadeo,* abogados del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Omar Cancio Sifre, Procurador Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Luis Alberto Cedeño Santiago presentó ante el Tribunal Superior de Puerto Rico, Sala de San Juan, una petición de *mandamus* contra la Junta Dental Examinadora por haberse ésta negado a autorizarle a tomar el examen de reválida exigido por la ley que regula la materia.[1]   En respuesta a esa petición la Junta radicó una "Moción de Desestimación o Para que se Dicte Sentencia Sumariamente," a la que acompañó una certificación suscrita por su secretario interino, acreditativa de que la Universidad de Santo Domingo, donde el peticionario obtuvo su doctorado en cirugía dental, no está ni ha estado nunca reconocida por la Junta Dental Examinadora de Puerto Rico.   Señalada una vista para oír a las partes sobre esa moción, la Junta ofreció prueba documental adicional, consistente en varios folletos publicados por la Administración Federal de Veteranos, relativos a las instituciones educativas de países extranjeros, aprobadas por dicha Administración a tenor de la Ley de Reajuste del Veterano de 1944.   El tribunal a quo declaró con lugar la moción de la demandada.   Al dictar sentencia sumaria a ese efecto, se expresó del siguiente modo:

"Con fecha 11 de mayo de 1954, Luis Alberto Cedeño Santiago radicó una petición enmendada de Mandamus en la cual se alega, esencialmente, que es graduado de la Facultad de Cirugía Dental de la Universidad de Santo Domingo; que estudió en dicha Universidad bajo los beneficios que le concedió la Ley Pública Federal núm. 346, aprobada en 1944, según ha sido enmendada, conocida como la Carta de Derechos para Veteranos; que en septiembre de 1951 solicitó de la Junta Dental Examinadora que se le permitiera tomar los exámenes requeridos para poder practicar la profesión de cirujano dentista en Puerto Rico y que dicha Junta se negó a ello; que tiene derecho a que se le dé el examen de reválida que dispone la ley porque la Administración de Veteranos reconoció a la Universidad de Santo Domingo como una institución acreditada en donde el peticionario podía estudiar y obtener el título de ci-

---

[1] Véase la Ley 75 de 8 de agosto de 1925 (pág. 551) según fué enmendada por la Ley núm. 274 de 10 de mayo de 1950 (pág. 715), 20 L.P.R.A. sec. 81.

rujano dental y que tal reconocimiento por parte de la Administración de Veteranos ha suplantado cualquier legislación o reglamentación que esté en conflicto con la misma y que la actuación de la Junta demandada infringe y es subversiva de la política pública congresional.

"Con fecha 26 de mayo de 1954, la Junta demandada radicó una moción de desestimación para que se dicte sentencia sumariamente, en la que se alega que no existe controversia real en cuanto a ningún hecho material, teniendo derecho a que se dicte sentencia sumaria como cuestión de ley.

"La contención de la demandada se basa en que el peticionario no es graduado de una universidad o colegio acreditado por la Junta Dental Examinadora y en apoyo de dicha contención, acompañó su moción con una certificación, la que hizo formar parte de la misma, expedida por el Secretario de la Junta Dental Examinadora, en la que se acredita que la Universidad de Santo Domingo no está ni ha estado nunca reconocida por la Junta Dental Examinadora.

"En la vista de la moción instada por la parte demandada, ésta presentó en evidencia, como prueba documental, sin objeción del demandante, tres copias certificadas de una publicación oficial de la Administración de Veteranos Federal titulada, 'Foreign Educational Institutions,' cuya parte pertinente lee como sigue, copiamos:

" 'Estudios profesionales. La admisión a la práctica de la medicina, odontología, veterinaria, arquitectura, derecho y otras profesiones está de ordinario sujeta a estricta reglamentación por el Estado en que el individuo se propone ejercer. Toda vez que muchos Estados imponen severas restricciones a los graduados de escuelas profesionales situadas en países extranjeros, excepción hecha del Canadá, los veteranos que traten de matricularse en tales cursos en cualquier institución extranjera deberán tener la precaución de hacer por anticipado, las investigaciones que fueren menester con la correspondiente Junta Examinadora Estatal. La Administración de Veteranos no puede asumir responsabilidad alguna a este respecto.'

"El demandante no radicó objeción alguna a la solicitud de sentencia sumaria, no habiendo presentado declaraciones juradas ni prueba otra alguna en oposición a la prueba documental de la demandada.

"La ley que regula la práctica de la cirugía dental en Puerto Rico—la núm. 75, aprobada en 8 de agosto de 1925— según fué enmendada por la 274 de 1950, y la sec. 6 del Reglamento de la Junta Dental Examinadora, leen de la manera siguiente, en sus partes pertinentes:

" 'Sección 9 (Ley núm. 75 de 1925, según enmendada por la núm. 274 de 1950.)

" '1.—        .    .    .    .    .    .    .    .

" '2.—        .    .    .    .    .    .    .    .

" '3.—        .    .    .    .    .    .    .    .

" '4.—Presentar diploma o certificado de la universidad o colegio acreditado donde se graduó de cirujano dental; *Disponiéndose*, que la Junta Dental Examinadora queda autorizada para determinar cuáles son las universidades o colegios acreditados...'

" 'Sección 6 del Reglamento:

" 'Todo aspirante demostrará, a satisfacción de la Junta, haber sido graduado en alguna universidad o colegio bien acreditado ...'

"De las alegaciones y de la prueba documental obrante en autos surge que la Junta demandada no está obligada por ley a conceder el examen de reválida al demandante por no cumplir éste con los requisitos exigidos en la sec. 9 de la ley, no existiendo, por lo tanto, una controversia real de hechos materiales en el presente caso, por las siguientes conclusiones:

"1. El demandante es un dentista graduado de la Escuela Dental de la Universidad de Santo Domingo.

"2. La Universidad de Santo Domingo no está ni ha estado nunca reconocida por la Junta Dental Examinadora.

"3. La Junta Dental Examinadora está autorizada por ley para determinar cuáles son las universidades o colegios acreditados y para así considerarlos es necesario que reunan una serie de cualificaciones mínimas.

"4. La Junta Dental Examinadora no podría dar el examen de reválida que dispone la ley al demandante hasta que la Universidad de Santo Domingo sea acreditada por la referida Junta.

"5. La práctica de la cirugía dental no es una a que tenga derecho cualquier persona; dicha práctica está subordinada al ejercicio del poder público de conservar y proteger la salud pública.

"6. La práctica de la cirugía dental es una de reglamentación interna por parte del estado, en su ejercicio del 'police power'.

"7. La Administración de Veteranos carece de autoridad legal para reconocer o acreditar colegios o universidades, no pudiendo autorizar la práctica de determinada profesión a una persona por el solo hecho de que sea veterano, no pudiendo ejercer control directo o indirecto en las agencias educativas de los estados.

"8. El demandante no tiene derecho a que se le conceda el examen de reválida que dispone la ley, por no cumplir con los requisitos mínimos de la ley dental vigente, ya que la universidad de donde obtuvo su grado académico no es una debidamente acreditada por la Junta Dental Examinadora y el hecho que haya estudiado bajo los beneficios de la Ley Federal de Veteranos no le da el 'standing' legal necesario para tener derecho al mismo.

"No existiendo una controversia real de hechos en el presente caso, procede que se dicte sentencia sumaria y en tal virtud se dicta sentencia declarando con lugar la moción de la demandada y en su consecuencia, se desestima la petición del demandante, sin especial condenación de costas ni honorarios de abogado."

▬▬▬ En apelación el peticionario sostiene únicamente que "la corte sentenciadora erró al declarar con lugar la moción de la demandada, ya que la solicitud radicada por el peticionario aduce hechos suficientes para constituir una causa de acción al amparo del Artículo 6, Inciso 2, de la Constitución de los Estados Unidos, de la Ley Federal que establece la Carta de Derechos del Veterano Americano y el Reglamento de la Administración de Veteranos autorizando al peticionario a estudiar y a obtener el título de Doctor en Cirugía Dental en la Universidad de Santo Domingo." No estamos de acuerdo. Conforme dijimos en *Alonso* v. *Tribunal Examinador de Médicos*, 74 D.P.R. 158, 164: "El practicar la medicina y la cirugía no es un derecho natural al que tenga derecho cualquier persona sino que, antes bien, dicha práctica está subordinada al ejercicio del poder público de preservar y proteger la salud pública." En igual sentido

podemos expresarnos én relación con el ejercicio de la cirugía dental. *Cf. Graves* v. *Minnesota,* 71 L.Ed. 331.

Nuestra ley —núm. 75, supra— reglamentó la práctica de la odontología e hizo constar de manera clara y positiva en su sección 9 que:

"Toda persona que desee dedicarse al ejercicio de la cirugía dental en Puerto Rico y que no estuviera autorizada para ello, deberá llenar ante la Junta Dental Examinadora los siguientes requisitos:

"    .        .        .        .        .        .

"*4. Presentar diploma o certificado de la universidad o colegio acreditado donde se graduó de cirujano dental;* ..." (Bastardillas nuestras.)

Según la certificación unida a la moción sobre sentencia sumaria, la Universidad de Santo Domingo no es una institución acreditada por dicha Junta para la enseñanza de la referida profesión. Además, el peticionario no nos ha convencido en forma alguna de que el hecho de que la Administración de Veteranos le autorizara a estudiar en esa institución(2) signifique que, no obstante lo taxativamente dispuesto por nuestra ley, la Junta Dental Examinadora de Puerto Rico venga obligada a admitirle a examen de reválida.

▉ Por otro lado, ya hemos dicho que la Junta demandada acompañó su moción sobre sentencia sumaria de un certifi-

---

(2) En el párrafo 3 de dos de los folletos ofrecidos en evidencia por la Junta, en relación con las instituciones educativas situadas en países extranjeros, aprobada por la Administración de Veteranos a tenor de la Ley de Reajuste del Veterano de 1944, se hace constar de manera terminante que: "Constituye responsabilidad personal del veterano el seleccionar una institución acreditada que ofrezca el curso que él decida estudiar." Además, en el párrafo citado en la opinión del tribunal a quo de la obra "American Law of Veterans," se advierte a todo veterano que se propone estudiar en un país extranjero que: "Los veteranos que traten de matricularse en tales cursos [medicina, odontología, veterinaria, arquitectura, derecho, etc.] deberán tener la precaución de hacer por anticipado las investigaciones que fueren menester con la correspondiente Junta Examinadora Estatal." Aparentemente el peticionario no hizo en este caso semejante investigación ante la Junta Dental Examinadora de Puerto Rico.

cado suscrito por su secretario interino, acreditativo del extremo que antes hemos indicado. También hemos indicado que durante la vista de la moción la Junta ofreció, en apoyo de la misma, otra evidencia documental. El peticionario no radicó objeción alguna a la solicitud de sentencia sumaria. Tampoco presentó declaraciones juradas ni prueba de otra índole en oposición a la prueba documental de la demandada. Esto de por sí bastaba para que se declarara con lugar la moción y se dictara sentencia sumaria en favor de la demandada. Podemos repetir aquí lo dicho por nosotros en *Sánchez* v. *De Choudéns,* 76 D.P.R. 1, 10:

"Estamos contestes ..., con el criterio de los tribunales y tratadistas mencionados ..., al pronunciarse en el sentido de que cuando se solicita sentencia sumaria basada en declaraciones juradas o en documentos admisibles en evidencia y la contraparte se cruza de brazos y nada hace en oposición a tal solicitud, la misma debe ser declarada con lugar, siempre que las declaraciones juradas u otros documentos radicados demuestren que no existe controversia alguna sobre ningún hecho material. Cualquier otra interpretación convertiría el procedimiento de sentencia sumaria en letra muerta. Conforme indica el Juez Clark, del Tribunal de Apelaciones de los Estados Unidos para el Segundo Circuito, en la monografía que aparece publicada en 36 Minn.L.Rev. 567, 577, 'La intención de la regla es que la persona contra quien se dirija repela el ataque descubriendo los méritos de su caso en forma igualmente precisa'."

*Debe confirmarse la sentencia apelada.*
El Juez Asociado Sr. Pérez Pimentel no intervino.