DR. MIGUEL A. CASTILLO LÓPEZ, demandante y apelante, *v.* TRIBUNAL EXAMINADOR DE MÉDICOS DE PUERTO RICO, demandado y apelado. DR. MANUEL MENDOZA MOYA, demandante y apelante, *v.* EL MISMO, demandado y apelado. DR. VÍCTOR M. HERNÁNDEZ SANZ, demandante y apelante, *v.* EL MISMO, demandado y apelado. DR. EDUARDO SANTOS PÉREZ, demandante y apelante, *v.* EL MISMO, demandado y apelado.

Números 12005, 12018, 12019 y 12017.

*Sometidos:* 29 de febrero de 1960. *Resueltos:* 10 de mayo de 1960.

*Omar Cancio Sifre,* abogado de los apelantes; *Hon. Secretario de Justicia Hiram R. Cancio (J. B. Fernández Badillo, ex Secretario de Justicia* y *Jorge Ruiz Rivera, Procurador Auxiliar,* en el alegato), abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La práctica de la medicina y la cirugía, no siendo un derecho natural de las personas, está subordinada al ejercicio del poder público de preservar y proteger la salud pública.[1] Por lo tanto, la Legislatura puede reglamentar dicha práctica razonablemente.[2] Y en efecto, así lo hizo mediante la aprobación de la Ley núm. 22 de 1931, facultando al Tribunal Examinador de Médicos para expedir licencias permanentes a las personas que cumplieran con los requisitos determinados en el art. 14 de dicha ley. Entre estos requisitos figura el de haber aprobado los exámenes a que se refiere el art. 11. Dicho artículo 11 dispone:

"§41. Exámenes de reválida

"Los exámenes de reválida de médicos cirujanos se efectuarán por escrito y según las reglas que dicte el Tribunal, sobre las siguientes materias: anatomía humana, histología normal y patológica, fisiología, bacteriología, higiene pública y privada, medicina general y diagnóstico, cirugía general, obstetricia, ginecología, farmacología, medicina legal y toxicología, materia médica y terapéutica, enfermedades tropicales, y además se efec-

---

[1] *Alonso* v. *Tribunal Examinador,* 74 D.P.R. 158; *Infante* v. *Junta,* 43 D.P.R. 325.

[2] *Alonso* v. *Tribunal Examinador,* supra; *People* v. *White,* 146 N.E. 178.

tuará un examen clínico práctico. El examen sobre enfermedades tropicales constará de dos partes: una teórica por escrito y otra práctica, incluyendo microscopía, laboratorio y diagnóstico en casos clínicos. Los exámenes de reválida de osteópatas, versarán sobre las mismas materias de los médicos-cirujanos, exceptuando obstetricia, ginecología, materia médica, farmacología, terapéutica, medicina legal y enfermedades tropicales. De igual modo los osteópatas deberán sufrir un examen clínico práctico. Los exámenes podrán ser contestados en los idiomas inglés o español, a elección del examinando." (20 L.P.R.A., sec. 41, pág. 747.)

Para el año 1942 no había en Puerto Rico suficientes médicos para prestar servicios en la beneficencia pública municipal. La Legislatura hizo frente a esta emergencia, aprobando la Ley núm. 26 de 10 de abril de 1942 que autorizó a la Junta de Médicos Examinadores para expedir licencia provisional para ejercer la medicina y cirugía en Puerto Rico, en el ramo de beneficencia pública, a todo médico que así lo solicitare, llenare los requisitos determinados en la sección 3, y mediante el examen de reválida que determina la ley. Este examen de reválida es el regular fijado en el art. 11 de la Ley núm. 22 de 1931 y no uno especial. Así lo decidimos en *Alonso Caiñas* v. *Tribunal Examinador*, 74 D.P.R. 158, al resolver que un médico extranjero que solicitare y obtuviere licencia provisional de conformidad con la Ley núm. 26 de 1942 y mediante la aprobación de los exámenes de reválida fijados por la Ley de 1931, al adquirir luego la ciudadanía americana, tenía derecho a que el Tribunal Examinador de Médicos le expidiera una licencia permanente al él solicitarla.

La Ley núm. 26 de 1942, según fue enmendada por la Ley núm. 13 de 23 de noviembre de 1942, quedó derogada al entrar en vigor la Ley núm. 383 de abril 22 de 1946. (24 L.P.R.A. sec. 271 et seq.) Esta ley autorizó al Comisionado de Salud y a los municipios a contratar los servicios de médicos americanos o extranjeros no autorizados a ejercer la profesión médica en Puerto Rico, siempre que concurran las siguientes circunstancias:

"(a) Que el Director de la Oficina de Personal certifique al Secretario de Salud carecer de elegibles para ocupar las citadas plazas vacantes de médicos en el Departamento de Salud que a virtud de estos contratos se hayan de proveer.

"(b) Que sean graduados de escuelas reconocidas por el Tribunal Examinador de Médicos de Puerto Rico y que ante dicha Junta o un delegado de la misma acrediten sus conocimientos médicos incluso mediante examen cuando así lo acuerde en casos específicos la Junta o su delegado.

"(c) Que los médicos contratados llenen los requisitos que exija para el cargo el Director de la Oficina de Personal."

La ley dispone además que los médicos así contratados "podrán ejercer la profesión médica exclusivamente en relación y en cuanto corresponde al desempeño del cargo para el cual fueren designados, excepto en casos de emergencia."

Los demandantes-recurrentes son médicos cirujanos graduados de la Universidad de Santo Domingo. A tenor con las disposiciones de la Ley núm. 383 de 1946, el Tribunal Examinador de Médicos les expidió una Licencia Provisional o Permiso de Habilitación para ejercer la profesión médica en Puerto Rico. A los doctores Samuel Mendoza Moya y Miguel A. Castillo se les expidió dicha licencia sin previo examen mientras que a los doctores Eduardo Santos Pérez y Víctor Hernández Sanz se les expidió la licencia provisional después de haber aprobado un examen oral ante un delegado del Tribunal Examinador.

Luego de estar ejerciendo la profesión médica en Puerto Rico, sujetos a las limitaciones establecidas por la ley núm. 383 de 1946, según enmendada, los recurrentes adquirieron la ciudadanía americana y entonces solicitaron del Tribunal Examinador una licencia permanente para ejercer libremente su profesión en Puerto Rico. En octubre de 1955 el Tribunal Examinador denegó las solicitudes de estos médicos. Entonces ellos recurrieron ante el Tribunal Superior con sendas solicitudes de *mandamus*. Después de un juicio en los méritos, dicho tribunal declaró sin lugar los recursos.

Ante nos alegan (1) que el Tribunal Superior cometió error al resolver que los demandantes-recurrentes no tienen derecho a que se les expidan las correspondientes licencias para ejercer permanentemente la profesión médica en Puerto Rico, y (2) que en cuanto a los doctores Santos Pérez y Hernández Sanz, dicho tribunal cometió error "al no admitir en evidencia prueba testifical contraria al contenido de la prueba documental presentada y admitida en evidencia".

El primer error no fue cometido. La Ley núm. 22 de 22 de abril de 1931 es la que autoriza al Tribunal Examinador de Médicos a otorgar licencias permanentes para el ejercicio de la profesión médica en Puerto Rico. Los aspirantes deben cumplir los requisitos exigidos por dicha Ley, entre los cuales está el de la aprobación de un examen escrito sobre todas las materias especificadas en el art. 11 de dicha ley. La aprobación de este examen regular de reválida es un requisito indispensable para que el Tribunal Examinador de Médicos pueda expedir una licencia permanente. Al interpretar la Ley núm. 26 de 1942 resolvimos en el caso de *Alonso*, supra, que todo aspirante a una licencia provisional para ejercer la medicina y la cirugía en Puerto Rico, en el ramo de beneficencia pública, debía aprobar el examen regular de reválida que determina la Ley núm. 22 de 1931. Dijimos entonces que al aprobar la ley especial de 1942 la Legislatura no tuvo la intención de exigir menores requisitos técnicos a los médicos con licencia provisional que aquellos que debía tener un médico a quien se le concedía una licencia permanente. Sin embargo, esa norma legislativa fue cambiada por la Ley núm. 383 de 1946. Esta ley sólo exigió a los aspirantes que acreditasen sus conocimientos médicos ante el Tribunal Examinador o un delegado del mismo incluso mediante examen cuando así el Tribunal o su delegado lo acordare. De suerte que bajo la disposición de la Ley 383, el Tribunal Examinador quedó facultado para expedir una licencia provisional especial aun sin el requisito de la aprobación de un examen o mediante un examen especial. Dicha ley

no requiere, pues, que el aspirante apruebe el examen escrito regular que señala la ley básica de 1931.

El récord de este caso demuestra que a los doctores Samuel Mendoza Moya y Miguel A. Castillo se les otorgó una licencia provisional especial sin acreditar sus conocimientos médicos mediante examen, mientras que los doctores Eduardo Santos Pérez y Víctor Hernández Sanz acreditaron dichos conocimientos médicos mediante un examen especial oral ante un delegado del Tribunal Examinador de Médicos. El récord demuestra también que este examen especial oral no es el mismo examen regular que determina la ley básica de 1931. El examen regular escrito de reválida cubre todas las materias que se especifican en el art. 11 de la Ley de 1931, y además los exámenes prácticos. Dicho examen consiste de quince preguntas, para escoger diez, en cada una de dichas materias y dura por lo menos cinco días. En cambio, el examen especial, como el aprobado por los doctores Santos Pérez y Hernández Sanz cubre solamente principios generales sobre algunas materias y se efectúa en un corto período de tiempo que puede ser de media hora, una hora o una hora y media. Obviamente este examen oral, no siendo el examen de reválida que exige la Ley de 1931, no da derecho al médico que lo haya aprobado a exigir del Tribunal Examinador que le expida una licencia permanente para ejercer libremente la profesión médica en Puerto Rico. Tampoco tendría derecho a tal licencia permanente los médicos a quienes se les haya otorgado una licencia provisional bajo la Ley núm. 383 sin previo examen alguno. No habiendo los aquí demandante recurrentes cumplido con el requisito de la aprobación del examen regular escrito exigido por la ley básica de 1931, ellos no tienen derecho a que el Tribunal Examinador les otorgue una licencia permanente para ejercer la profesión médica en Puerto Rico. (³)

---

(³) La Ley núm. 75 de 23 de junio de 1958 estableció las condiciones bajo las cuales el Tribunal Examinador de Médicos venía obligado a otor-

■■ El segundo error tampoco fue cometido. Arguyen los recurrentes que el tribunal sentenciador admitió evidencia oral para variar el contenido de las dos comunicaciones dirigidas al presidente del Tribunal Examinador por los doctores Prieto y Pavía Fernández, donde éstos le comunicaban que los doctores Santos Pérez y Hernández Sanz habían aprobado el examen oral a que respectivamente les habían sometido. El testimonio presentado en juicio por los doctores Prieto y Pavía Fernández no iba dirigido, como alegan los recurrentes, a variar el contenido de los referidos documentos. Ellos no negaron que los recurrentes habían aprobado el examen especial oral. Sus testimonios explicaron, sin embargo, la forma, alcance y materias del examen que como delegados del Tribunal Examinador dieron a los dos médicos aspirantes a una licencia provisional. La admisión de sus testimonios no violó disposición alguna de la Ley de Evidencia. Véase, *Nieto* v. *Torres*, 56 D.P.R. 154; *Ochoteco* v. *Córdova*, 47 D.P.R. 554; *Morales* v. *Franco*, 44 D.P.R. 66; *Puig* v. *Sotomayor*, 55 D.P.R. 250. Por otra parte los propios recurrentes presentaron prueba sobre la forma, alcance y materias del examen que sufrieron ante el delegado del Tribunal Examinador. Por lo tanto mal pueden quejarse de que el tribunal sentenciador haya admitido evidencia tendiente al mismo fin presentada por la parte contraria. La clase de examen que tomaron los dos recurrentes era un hecho esencial en disputa. Su derecho a una licencia permanente bajo la doctrina del caso de *Alonso*, supra, dependía de que ellos hubieran aprobado el examen regular que exige la Ley de 1931.

*Por las razones expuestas debe confirmarse la sentencia dictada por el Tribunal Superior.*

---

gar licencia permanente a los médicos que estuvieren ejerciendo la profesión de médico a virtud de la ley especial núm. 383 de 1946. Dicha Ley de 1958 impone como un requisito indispensable, que el médico apruebe el examen regular por escrito que señala la ley básica de 1931. (Véase 24 L.P.R.A., sec. 271, Suplemento Acumulativo 1959.)