ÁNGEL AMADO CORTÉS PIÑEIRO, también denominado ÁNGEL AMADO PIÑEIRO y MARÍA JESÚS PIÑEIRO SALVAT, asistida por su defensor judicial GUMERSINDO ROMÁN, demandantes y recurrentes *v.* SUCESIÓN DE AMELIO CORTÉS MENDIALDÚA, integrada por JOSEFA ROJAS REYES y MERCEDES CORTÉS SAAVEDRA, demandada y recurrida.

*Número:* 12449. *Resuelto:* 6 de octubre de 1961.

*Arturo Ortiz Toro* y *Manuel Abreu Castillo,* abogados de los recurrentes; *Luis E. Dubón, A. Torres Braschi,* abogados de la recurrida Josefa Rojas Reyes; *Joaquín Lago Padín,* abogado de la recurrida Mercedes Cortés Saavedra.

Sala integrada por el Juez Asociado Señor Hernández Matos, como Presidente de Sala, y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

En este pleito se dictó sentencia sumaria en contra de los demandantes. Como único error señalan los recurrentes que el tribunal de instancia así lo hiciera. Aquí procede una detallada exposición de los hechos. Los demandantes, madre e hijo, radicaron en la Sala de Arecibo del Tribunal Superior una demanda en la que exponían cuatro causas de acción que de sustanciarse, según ellos sostienen, dejarían establecido su derecho a que se reconociera a la madre como viuda de Amelio Cortés Mendialdúa, quien era esposo y padre de las demandadas y que había fallecido alrededor de un año antes de radicarse la demanda, y al otro demandante, como hijo, y por tanto con derecho a participar en la herencia de Cortés Mendialdúa. Para sostener su contención los demandantes alegan que una sentencia de divorcio dictada en el año 1909 en el pleito que siguió la aquí demandante, María Jesús Piñeiro Salvat contra Cortés Mendialdúa era nula y así mismo lo era la sentencia dictada en el año 1932 en un pleito de impugnación de la inscripción del demandante Angel Amado como hijo legítimo del mencionado Cortés Mendialdúa. Hagamos un poco de historia. Amelio Cortés Mendialdúa y María Jesús Piñeiro Salvat contrajeron matrimonio el 24 de octubre de 1904. El vínculo matrimonial quedó disuelto por sentencia de 8 de febrero de 1910. La esposa instó la acción y alegó que inmediatamente después de celebrado el matrimonio su esposo la abandonó negándose en absoluto a vivir en su compañía y que durante el matrimonio no habían procreado hijos ni adquirido bienes de fortuna. El demandante Angel Amado Cortés nació el 17 de diciembre de 1909 y fue inscrito en el Registro Civil de Arecibo como hijo legítimo de Cortés Mendialdúa y María Jesús Piñeiro.

El 13 de enero de 1932 Cortés Mendialdúa radicó demanda en la Corte de Distrito de Arecibo (hoy Superior) en la que impugna la paternidad que se le atribuye de Angel Amado

y solicitó se cancelara la inscripción que aparece en el Registro Civil de Arecibo a que antes hemos hecho referencia. En este pleito se dictó sentencia el 27 de abril de 1932 luego de celebrada una vista en la que se recibió prueba documental y oral. A pesar de que los demandados contestaron la demanda por su abogado, no comparecieron a juicio. El abogado fue notificado de la sentencia dictada en contra de los demandados y se hizo la anotación pertinente en el Registro Civil cancelando la inscripción de Angel Amado como hijo legítimo de Cortés Mendialdúa.

Los demandantes en el presente pleito alegan además en su demanda que de no prosperar su pretensión para que se declararan nulas las sentencias dictadas en el pleito de divorcio y en el de impugnación de la paternidad de Angel Amado como hijo legítimo de Cortés Mendialdúa, se proceda no obstante a declararlo hijo natural reconocido, ya que durante muchos años el demandante gozó del estado continuo de hijo natural reconocido de Cortés Mendialdúa al ser tratado como tal y al proveerle por muchos años de manutención, vestuario, educación, medicinas y rodearlo del cuidado y protección de un hijo. Las demandadas en el tribunal de instancia, según antes hemos expresado, radicaron una moción para que se dictara sentencia sumaria de acuerdo con lo dispuesto en la Regla 56 y acompañaron a su moción los siguientes documentos entre otros: copia certificada de la demanda de divorcio radicada el 18 de septiembre de 1909 en la antigua Corte de Distrito de Arecibo por María Jesús Piñeiro Salvat, contra Amelio Cortés Mendialdúa, así como de la sentencia dictada en el mencionado caso; copia certificada de la demanda de impugnación de la legitimidad, radicada el 13 de enero de 1932 por Amelio Cortés Mendialdúa, contra María Jesús Piñeiro Salvat y su hijo Angel Amado, y de la contestación a la mencionada demanda de impugnación, así como copia de la sentencia dictada en dicho caso el 27 de abril de 1932, copia certificada del acta obrante en el Registro Civil de Arecibo

relativa a la inscripción de Angel Amado como hijo legítimo de Amelio Cortés Mendialdúa y María Jesús. Al margen de dicha acta de nacimiento se anotó el 12 de mayo de 1932 la parte dispositiva de la sentencia dictada por la antigua Corte de Distrito de Arecibo en el caso sobre impugnación de legitimidad.

Los demandantes no radicaron oposición alguna a la moción que solicitaba se dictara sentencia sumaria. El tribunal de instancia en sus "Conclusiones de Hecho y de Derecho" expone lo siguiente en cuanto a la actitud asumida por los demandantes:

"Esta Moción de las demandadas solicitando sentencia sumaria fue notificada a los demandantes el 15 de mayo de 1957. Fechada el 29 de mayo de 1957, los demandantes solicitaron una prórroga de cuarenticinco días para alegar contra la solicitud de sentencia sumaria.

No habiendo los demandantes radicado alegación u oposición alguna contra dicha solicitud de sentencia sumaria, el 27 de septiembre de 1957 este Tribunal dictó una orden señalando el 21 de octubre de 1957, a las 9 de la mañana para la vista de la mencionada Moción Solicitando Sentencia Sumaria. Fechada el 17 de octubre de 1957 los demandantes radicaron una moción solicitando la suspensión de la mencionada vista, transfiriendo la misma el Tribunal para el día 28 de octubre a las 9 de la mañana.

En dicho día comparecieron solamente las demandadas para sostener su Moción Solicitando Sentencia Sumaria. Los demandantes solicitaron por telegrama la suspensión de la vista y el Tribunal dictó una orden denegando la suspensión solicitada y declarando sometida la Moción Solicitando Sentencia Sumaria, concediendo a los demandantes y a las demandadas diez días a partir de la notificación de dicha orden para presentar alegatos simultáneos.

Las demandadas radicaron su alegato pero no así los demandantes quienes, como se ha dicho, tampoco han formulado alegación ni oposición a la moción de las demandadas solicitando sentencia sumaria."

Con estos hechos, ¿erró el tribunal de instancia al dictar sentencia sumaria?

 El propósito de la sentencia sumaria es acelerar el procedimiento de aquellos pleitos en que realmente no existe una controversia genuina de hecho a ser juzgada. Obliga a las partes a demostrar que tienen prueba para sostener sus alegaciones. *Gaztambide* v. *Sucn. Ortiz*, 70 D.P.R. 412 (1949); *Sánchez* v. *De Choudens*, 76 D.P.R. 1 (1954); *Minnesota Mining & Mfg. Co.* v. *United States Rubber Co.*, 279 F.2d 409 (4to. Cir. 1960). Si la parte que solicita la sentencia sumaria presenta la prueba en que descansa su caso, la otra parte está en la obligación de demostrar que tiene prueba para sostener el suyo. *Engl.* v. *Aetna Life Ins. Co.*, 139 F.2d 469 (2do. Cir. 1943); *Minnesota Mining & Mfg. Co.* v. *United States Rubber Co.*, supra; *United States* v. *Daubendiek*, 25 F.R.D. 50 (D.C.N.D. Iowa 1959); Bauman, *A Rationale of Summary Judgment*, 33 Ind. L.J. 467 (1958).

 En el presente caso se alega en la demanda que dos sentencias dictadas en los años 1910 y 1932 fueron obtenidas mediante fraude. Las demandadas al solicitar que se dictara sentencia sumaria presentaron las alegaciones y sentencias dictadas en los referidos casos. Descansaban, pues, en la presunción de validez y corrección que tienen los pronunciamientos de los tribunales. Cfr. *Carrión* v. *Lawton*, 44 D.P.R. 463 (1933). Enfrentándose a esta prueba los demandantes nada hicieron y descansaron en la alegación de fraude contenida en su demanda.

 Si se sostuviera que no procede una sentencia sumaria por el solo hecho de que la demanda exponga hechos constitutivos de una causa de acción se estaría frustrando el propósito de la sentencia sumaria. *Sánchez* v. *De Choudens*, supra; 6 Moore's *Federal Practice*, Sec. 56.11, pág. 2068 (2da. ed.). De hecho la sentencia sumaria sería otro nombre para la antigua excepción previa. Además, sería una repetición innecesaria de las disposiciones contenidas en la regla que autoriza que se dicte sentencia por las alegaciones. Bar-

ron & Holtzoff, *Federal Practice & Procedure* § 1235, pág. 142-143. Al considerar la procedencia de una sentencia sumaria las cuestiones suscitadas por las alegaciones no son decisivas, y la corte debe considerar las declaraciones juradas prestadas por una y otra parte así como cualquier otra documentación pertinente. *Engl.* v. *Aetna Life Ins. Co.* supra; *United States* v. *Daubendieck,* supra; Barron & Holtzoff, *op. cit.* § 1235, pág. 142. Indudablemente, el que solicita se dicte sentencia sumaria está en la obligación de demostrar que no hay controversia en cuanto a los hechos y que procede se dicte sentencia como cuestión de derecho. Ahora cuando se ha hecho esta demostración, la parte contra quien se solicita la sentencia no puede derrotar la moción cruzándose de brazos y descansar en lo expuesto en las alegaciones de su demanda. Está en la obligación de demostrar que tiene prueba para sustanciar sus alegaciones.[1] Si no la tiene ¿para qué ir a juicio?. *Sánchez* v. *De Choudens,* supra; *Cedeño* v. *Junta Dental,* 79 D.P.R. 549 (1956); *Municipio* v. *Tribl. Superior,* 78 D.P.R. 816 (1955); *Engl.* v. *Aetna Life Ins. Co.,* supra; *Surkin* v. *Charteris,* 197 F.2d 77 (5to. Cir 1952); *Dale Hilton, Inc.,* v. *Triangle Publications, Inc.,* 27 F.R.D. 468 (D.C.S.D. N.Y. 1961); *Cockrell* v. *A. L. Mechling Barge Lines, Inc.,* 192 F. Supp., 622 (D.C.S.D. Tex. 1961); *Curtis* v. *United States,* 168 F. Supp. 213 (Ct. Cl. 1958); *Matute* v. *Carson Long Institute,* 160 F. Supp. 827 (D.C.M.D. Penn. 1958); Barron & Holtzoff, *op. cit.* § 1235, pág. 149.

---

[1] En las Reglas de Procedimiento Civil de 1958 se incorporó en la 36.5 esta práctica al disponer: "...Cuando se presente una moción solicitando que se dicte sentencia sumaria y se sostenga en la forma provista en esta Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o repulsas contenidas en sus alegaciones sino que vendrá obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo aquellos hechos materiales que cree que intenta probar. Si no contestare bajo juramento, deberá dictarse sentencia en su contra."

 Claro está con la limitación que expusimos en *Sánchez v. De Choudens.* Allí dijimos:

"Estamos contestes, repetimos, con el criterio de los tribunales y tratadistas mencionados últimamente, al pronunciarse en el sentido de que cuando se solicita sentencia sumaria basada en declaraciones juradas o en documentos admisibles en evidencia y la contraparte se cruza de brazos y nada hace en oposición a tal solicitud, la misma debe ser declarada con lugar, siempre que las declaraciones juradas u otros documentos radicados demuestren que no existe controversia alguna sobre ningún hecho material. Cualquier otra interpretación convertiría el procedimiento de sentencia sumaria en letra muerta. Conforme indica el Juez Clark, del Tribunal de Apelaciones de los Estados Unidos para el Segundo Circuito, en la monografía que aparece publicada en 36 Minn. L. Rev. 567, 577, 'La intención de la regla es que la persona contra quien se dirija repela el ataque descubriendo los méritos de su caso en forma igualmente precisa'." Véase *Gaztambide v. Sucn. Ortiz,* supra.[2]

Barron & Holtzoff exponen un ejemplo para demostrar la mecánica del procedimiento en casos de sentencia sumaria. En un caso de cobro de un pagaré el demandado en su contestación niega que hubiera firmado el documento. El demandante solicita se dicte sentencia sumaria y la acompaña de una declaración jurada prestada por una persona que afirma vió cuando el demandado firmó el pagaré. Si el demandado no se opone a que se dicte sentencia sumaria, y no radica una declaración jurada contradiciendo lo anterior, está en orden que se dicte sentencia sumaria en contra del demandado. Ahora, si el demandado radica una declaración jurada al efecto de que la firma que aparece en el pagaré fue falsificada surge inmediatamente una controversia en los hechos que justifica que el caso vaya a juicio. Barron & Holtzoff, *op. cit.* §1231, pág. 97.

---

[2] En el caso de *Gaztambide,* los demandantes no radicaron declaraciones juradas y sostuvimos que no era necesario pues la documentación presentada con la moción de sentencia sumaria no destruyó la alegación esencial de la demanda.

■ Aplicando lo anteriormente expuesto a los hechos del presente caso surge que estuvo correcto el tribunal de instancia al dictar la sentencia sumaria solicitada por las demandadas. Los demandantes alegaron que ciertas sentencias fueron obtenidas fraudulentamente. Las demandadas, como antes dijimos, radicaron copia certificada de las referidas sentencias así como de las alegaciones en los respectivos casos en que fueron dictadas. Descansaron, pues, en la presunción de correctas que tenían. En estos casos la mera presentación de la sentencia es suficiente. *Fletcher* v. *Evening Star Newspaper Co.*, 114 F.2d 582 (C.A.D.C. 1940); *Barron & Holtzoff*, *op. cit.*, sec. 1237, pág. 168. Los demandantes nada hicieron y descansaron en la alegación de fraude que expusieron en su demanda. Pero ellos estaban en la obligación de presentar alguna prueba para demostrar que podían sustanciar esa alegación. Véase, *Cancel* v. *Martínez*, 74 D.P.R. 108 (1952).

En cuanto a la contención del demandante de que gozó de la condición de hijo que le da derecho a ser reconocido como hijo natural, habiendo quedado intocada la sentencia dictada en el caso de impugnación de la paternidad mediante la cual quedó establecido que Angel Amado no había sido procreado por Cortés Mendialdúa, era obvio que no procedía la pretensión de los demandantes al efecto de que se hiciera esa determinación. Pero es que tampoco presentó declaración jurada alguna que sustanciara su alegación de que había gozado de la condición de hijo de Cortés Mendialdúa que justificara su reconocimiento.

Por estas consideraciones fue correcta la actuación del tribunal de instancia al acceder a dictar una sentencia sumaria en el presente pleito.

*Se confirmará la sentencia recurrida.*