# 95 DTA 71

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I
SAN JUAN - PANEL II**

GUILLERMO BLANCO DE LA TORRE
MARGARITA TORRES DE BLANCO
LA SOCIEDAD DE GANANCIALES
COMPUESTA POR AMBOS
Demandantes-Peticionarios

v.

LEONARDO CAMPO, JR.,
CARLOS PAGAN FEDERICO Y OTROS
Demandados-Recurridos

Núm. KLCE-95-00125

San Juan, Puerto Rico, a 28 de abril de 1995

Panel integrado por su presidente, la Juez López Vilanova
y los jueces Delgado Hernández y Rodríguez García

Delgado Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se trata de una Petición de *Certiorari* para revisar la resolución del Tribunal Superior, Sala de San Juan, que denegó una moción de relevo de sentencia bajo la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, en un caso relacionado con la liquidación de una sociedad civil.

Examinado el expediente a la luz de los criterios que informan los relevos de sentencia en nuestra jurisdicción, no erró el Tribunal de Instancia al denegar el relevo solicitado. La prueba aducida por el peticionario no altera el resultado del caso.

### I

Los recurridos Leonardo Campo, Carlos Pagán y Federico Castro formaron una sociedad para operar un bote de carrera, cuya adquisición financiaron mediante un préstamo con el First Federal Savings Bank (el *"Banco"*). Para garantizar el préstamo, otorgaron una hipoteca sobre el bote a favor de dicha institución bancaria.

El peticionario Guillermo Blanco de la Torre ingresó en la sociedad posteriormente en sustitución de Pagán, mas nunca suscribió el pagaré.

Eventualmente, surgieron desavenencias entre los socios, por lo que Blanco acudió al tribunal y solicitó, entre otros extremos, la disolución de la sociedad y la distribución de ciertas y determinadas cantidades o aportaciones.

El tribunal dictó Sentencia. En lo referente al mencionado préstamo, dispuso que Blanco pagara el importe proporcional de la deuda desde su ingreso en la sociedad hasta la fecha en que la Sentencia advino final y firme.

Luego de dictada la Sentencia, y siendo ésta final y firme, Blanco solicitó el relevo de la misma. Adujo, en síntesis, que el Banco había demandado a los suscribientes del pagaré en un pleito independiente de cobro de dinero; que el pleito --que fue atendido por otro Juez del

Tribunal Superior-- había finalizado con una transacción entre las partes; que los demandados en dicho pleito habían negociado con el Banco nuevos términos de pago; y en la medida en que el tribunal lo había hecho responsable de la deuda, debía dejarse sin efecto la Sentencia.

Mediante resolución notificada el 17 de febrero de 1995, el Tribunal de Instancia denegó la solicitud. De dicha denegatoria Blanco recurrió ante este Tribunal, el 20 de marzo de 1995. Ante nos, plantea que erró el tribunal al negarse a relevarlo de la sentencia, toda vez que, a su entender, el nuevo acuerdo de pago entre los socios originales y el Banco así lo justifica. Diferimos.

## II

La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III, faculta al Tribunal a relevar a una parte de una sentencia cuando, entre otras razones, se haya descubierto evidencia esencial que, a pesar de una debida diligencia, no pudo ser descubierta a tiempo para solicitar un nuevo juicio.

Las solicitudes de relevo de sentencia no deben acogerse y concederse livianamente. *Cortés Piñero v. Sucesión A. Córtes,* 83 D.P.R. 685, 690 (1961). Quien solicita ser relevado de una sentencia tiene el peso de demostrar que existen circunstancias que lo ameriten. *Méndez Pérez v. Tribunal Superior,* 101 D.P.R. 87, 94 (1973).

Un examen detenido de los autos nos persuade que el foro de instancia no abusó de su discreción al denegar la petición de relevo en este caso.

Primero, el peticionario no efectuó descubrimiento de prueba. Es de suponer que si lo hubiera hecho, hubiese obtenido oportunamente la prueba que adujo como fundamento para su solicitud. No puede concluirse que el peticionario haya desplegado el grado de diligencia que amerita un relevo de sentencia bajo la Regla 49.2. Véase *Riley v. Rodríguez,* 119 D.P.R. 762, 808 (1987), en que se denegó una solicitud de nuevo juicio en parte porque la evidencia aducida pudo haber sido hallada de haberse ejercido debida diligencia.

Segundo, a tono con los importantes objetivos de finalidad que subyacen la Regla 49.2, en ausencia de impropiedad o fraude la prueba aducida en apoyo de una solicitud de relevo de sentencia tiene que producir en el ánimo del juzgador una probabilidad razonable que de haber sido presentada, hubiese alterado el resultado del caso. Cuevas Segarra, *Práctica Procesal Puertorriqueña. Procedimiento Civil,* **Publicaciones JTS**, págs. 262, 271. Igual norma se sigue en el contexto de la Regla 60(b) de Procedimiento Civil Federal, correspondiente a nuestra Regla 49.2. *Anderson v. Cryovac,* 862 F .2d 910 (1er Cir. 1988):

*"The newly discovered evidence provision ... is aimed at correcting erroneous judgments stemming from the unobtainability of evidence. Consequently, a party... must show that the missing evidence was of such a material and controlling nature as would probably have changed the outcome."*

*Id.* a la pág. 924 (citas omitidas). Véase 7 J. Moore & J. Lucas, *Moore's Federal Practice* (1985), Sec. 60 .23 [4], págs. 60: 201-202.

La prueba aducida no cumple con este requisito. El Tribunal de Instancia dispuso que Blanco pagara el importe del préstamo correspondiente a su parte para el período comprendido entre su ingreso a la sociedad (diciembre de 1991) y la fecha en que advino final y firme la Sentencia (noviembre de 1994).

Toda vez que la estipulación y reestructuración de los términos de pago en el pleito paralelo ocurrió en septiembre de 1993, parte de la cantidad que tendría que pagar Blanco se

computaría a base de los nuevos términos negociados por sus antiguos socios y el Banco. Esta cantidad (correspondiente a $731.86 mensual por 15 meses), es menor a la que Blanco hubiese tenido que pagar en ausencia de la estipulación (computada a base de $ $750.10 mensuales).

No obstante, Blanco sostiene que la orden de pago en este caso le impone responsabilidad directa frente al Banco y justifica relevarlo de la sentencia para examinar los efectos de la estipulación sobre el caso de autos. No le asiste la razón.

El Tribunal de Instancia no ordenó que Blanco se convirtiera en deudor del Banco. Conforme a lo ordenado, Blanco tiene que pagarles a los socios porque debió pagar una parte proporcional del préstamo mientras fue parte de la sociedad, y no lo hizo. Su obligación es con los socios, no el Banco.

El contrato de sociedad produce efectos o relaciones jurídicas entre los socios entre sí: y entre los socios y terceros. XXI-1 Albaladejo, *Comentarios al Código Civil y Compilaciones Forales,* Editorial Revista de Derecho Privado, Madrid, 1986, pág. 38; II-2 J. Puig Brutau, *Fundamentos de Derecho Civil,* Bosch, Barcelona, 1982, págs. 501, 509.

La consumación de este contrato da plena eficacia a la situación en contemplación a la cual las partes han contratado, de manera que la subsistencia de la sociedad obliga a las prestaciones pactadas. J. Puig Brutau, *ob. cit.,* pág. 502. Si como se desprende de las órdenes dictadas, Blanco se obligó a pagar una parte proporcional del préstamo al ingresar en la sociedad, no es improcedente que se le requiera el importe de lo que debió pagar y no pagó por este concepto. Ello no lo convierte en deudor del Banco.

El Artículo 1159 del Código Civil dispone que no puede sustituirse a un deudor primitivo por un nuevo deudor sin el consentimiento del acreedor. 31 L.P.R.A. sec. 3243. La doctrina y jurisprudencia reconocen que este consentimiento tiene que ser cierto y positivo, y prestarse con el deliberado propósito de exonerar de sus obligaciones al deudor original para hacerlas recaer en toda su extensión sobre el nuevo deudor. VIII-1 Manresa, *Comentarios al Código Civil Español,* Reus S.A., Madrid, 1967, pág. 890; *Teachers Annuity & Retirement System v. Sociedad de Gananciales,* 115 D. P. R. 277 (1984).

No hay prueba de consentimiento en este caso. Entre otros extremos, es de notar que el préstamo original que lleva a la demanda paralela y a la reestructuración de los términos de pago, fue hecho antes de Blanco ingresar en la sociedad. Blanco nunca firmó el pagaré y nunca figuró como demandado en el pleito paralelo de cobro incoado por el Banco. Nada en el récord avala la conclusión que el Banco aceptó a Blanco como deudor. La Sentencia no tiene el efecto de sustituir a la persona del deudor sin el acuerdo o aceptación del acreedor.

En estas circunstancias, no se justificaba el relevo de la Sentencia. La estipulación en el pleito paralelo no altera el resultado del caso ante nos. *FDIC v. La Rambla,* 791 F. 2d 215, 223 (1er Cir. 1986). Véase además *Brown v. Petrolite Corp.,* 965 F.2d 38, 50 (5to Cir. 1992).

Por los fundamentos expuestos, se deniega el recurso.

**NOTIFIQUESE**

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General