Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| LUIS ORLANDO DÁVILA RIVERA<br>**Peticionario**<br><br>V.<br><br><br>DESSIE ANN RIVERA NAVARRO<br>**Recurrida** | KLCE202400211 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Caso Núm:<br>CA2022CV00950<br><br>Sobre:<br>Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 14 de marzo de 2024.

El 20 de febrero de 2024, el Sr. Luis Orlando Dávila Rivera (señor Dávila o peticionario) compareció ante nos mediante un recurso de *Certiorari* y solicitó la revisión de una Resolución que se dictó el 18 de enero de 2024 y se notificó el 22 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el aludido dictamen, el TPI resolvió que la *Moción Solicitando Relevo de Sentencia por Nulidad* que presentó el señor Dávila se presentó expirado el término de seis (6) meses desde que se dictó la *Sentencia* del caso según lo dispone la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 49.2. Así pues, determinó que no tenía jurisdicción para atender dicha solicitud por falta de jurisdicción.

Por los fundamentos que expondremos a continuación, expedimos el auto de certiorari y ***revocamos*** el dictamen recurrido.

### I.

El 25 de marzo de 2022, el peticionario presentó una *Demanda* sobre liquidación de bienes gananciales en contra de la

Sra. Dessie Ann Rivera Navarro (señora Rivera o recurrida). Luego de varios trámites procesales que no son pertinentes discutir, el TPI dictó una *Sentencia* el 20 de junio de 2023 que se notificó el 21 de junio de 2023 mediante la cual le adjudicó una propiedad a la señora Rivera ubicada en el municipio de Carolina. Además, condenó al peticionario a pagarle a esta última la cantidad de $2,426.84 por el remanente del crédito que no fue satisfecho por la adjudicación de la propiedad antes mencionada.

Posteriormente, el 20 de diciembre de 2023, el señor Dávila presentó una *Moción Solicitando Relevo de Sentencia por Nulidad* al amparo de la Regla 49.2(d) de Procedimiento Civil, *supra*. En esta solicitó que se relevara la *Sentencia* que el TPI dictó el 20 de junio de 2023 por la causal de nulidad. El Tribunal le concedió un término a la parte recurrida para que presentara su posición en cuanto a la referida solicitud. Oportunamente, el 17 de enero de 2024, la señora Rivera presentó una *Moción en Cumplimiento de Orden*. En esta argumentó que el TPI no tenía jurisdicción para atender la solicitud de relevo de sentencia por nulidad toda vez que había transcurrido el término de seis (6) meses que dispone la Regla 49.2 de Procedimiento Civil, *supra*, para presentar una moción de relevo de sentencia desde que se registró la *Sentencia*. Por esta razón, le solicitó al TPI a que declarara No Ha Lugar la solicitud de relevo de sentencia por nulidad por falta de jurisdicción.

Evaluados los argumentos de las partes, el 18 de enero de 2024, el TPI dictó un *Resolución* que se notificó el 22 de enero de 2024, mediante la cual resolvió que la *Moción Solicitando Relevo de Sentencia por Nulidad* que presentó el señor Dávila se presentó expirado el término de seis (6) meses desde que se dictó la *Sentencia* del caso según lo dispone la Regla 49.2 de Procedimiento Civil, *supra*. Así pues, determinó que no tenía jurisdicción para atender dicha solicitud por falta de jurisdicción.

Inconforme con este dictamen, el 22 de enero de 2024, el señor Dávila presentó una *Moción Solicitando Reconsideración a Resolución.* En síntesis, puntualizó que el término de seis (6) meses que dispone la Regla 49.2 de Procedimiento Civil, *supra,* no aplica a las solicitudes de relevo de sentencia que están basadas en la causal de nulidad. En respuesta, ese mismo día, a saber, el 22 de enero de 2024, el TPI dictó una Resolución declarando No Ha Lugar la solicitud de reconsideración. Aún en desacuerdo, el 20 de febrero de 2024, el peticionario presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al resolver mediante una Resolución que la Moción de Relevo de Sentencia por Nulidad fue presentada expirado el término de seis (6) meses, computado desde Registrada la Sentencia, o sea desde el 21 de junio de 2023, y que, por ello, este carecía de jurisdicción.**

> **Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al interpretar que debido a que la Parte Peticionaria acordó constituir hogar seguro en beneficio de su hija incapacitada física y mentalmente era sinónimo de que hubo un consentimiento tácito a que la recurrida viviera la propiedad de manera exclusiva y como consecuencia adjudicarle la propiedad totalmente, perdiendo el peticionario su participación ganancial sin el debido proceso de ley.**

Atendido el recurso, el 23 de febrero de 2024, emitimos una Resolución concediéndole a la señora Rivera hasta el 1 de marzo de 2024 para presentar su posición al recurso. Oportunamente, la recurrida presentó una *Oposición a Expedición de Auto de Certiorari* y negó que el TPI cometiera los errores que el peticionario le imputó. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver. *Veamos.*

## II.

### -A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de

derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios

enmarcados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

-B-

La Regla 49.2 de Procedimiento Civil, *supra,* establece el mecanismo procesal disponible para solicitar al Tribunal de Instancia el relevo de los efectos de una sentencia. *García Colón et*

*al. v. Sucn. González,* 178 DPR 527, 539 (2010). Específicamente, la aludida Regla dispone lo siguiente:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

> (d) nulidad de la sentencia;

> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. (Énfasis suplido).

> [...]

Para que proceda el relevo de sentencia bajo la referida regla, "es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo". Íd., pág. 540. Además, una moción basada en la aludida Regla debe estar bien fundamentada, pues sabido es que los dictámenes emitidos por nuestros tribunales gozan de una presunción de validez y corrección. *Cortés Piñeiro v. Sucesión A. Cortés*, 83 DPR 685, 690 (1961). Cabe precisar, que, como regla general, dicha acción tiene que ejercitarse dentro los seis (6) meses siguientes al archivo y notificación de la sentencia. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.,* 205 DPR 689, 698 (2020). **Sin embargo, a modo de excepción, tal norma cede cuando se trata de una sentencia que**

**adolece de nulidad. Íd. Entiéndase, "si una sentencia es nula, la parte promovedora de una moción de relevo de sentencia no está limitada por el término de seis meses expuesto."** (Énfasis suplido) Íd., pág. 699.

A tenor con lo antes expuesto, cabe precisar que, independientemente de la existencia de uno de los fundamentos expuestos en la regla, **relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha.** (Énfasis suplido) *Rivera v. Algarín*, 159 DPR 482, 490 (2003). A tales efectos, si una sentencia es nula, no hay margen de discreción y es obligatorio dejar sin efecto la sentencia. *García Colón et al. v. Sucn. González*, supra, pág. 543. Ello, "independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado". Íd., págs. 543-544. Se considera que una sentencia es nula cuando al dictarla se quebrantó el debido proceso de ley. Íd., pág. 543.

III.

En su primer señalamiento de error, el peticionario argumentó que el TPI erró al resolver que no tenía jurisdicción para atender la solicitud de relevo de sentencia por nulidad ya que había expirado el término de seis (6) meses que dispone la Regla 49.2 de Procedimiento Civil, *supra*, para presentar dicha solicitud desde que se registra la Sentencia del caso. Le asiste razón. *Veamos.*

Según el precitado derecho, como norma general, una solicitud de relevo de sentencia se tiene que presentar dentro del término de seis (6) meses a partir del archivo y notificación de la Sentencia. *HRS Erase, Inc. v. Centro Médico del Turabo,* supra, pág. 698. Sin embargo, a modo de excepción, cuando una solicitud de relevo de sentencia se basa en la causal de nulidad, el precitado término no le aplica. Íd. Entiéndase, "si una sentencia es nula, la

parte promovedora de una moción de relevo de sentencia no está limitada por el término de seis meses expuesto". Íd., pág. 699.

En el caso de autos, el señor Dávila presentó una solicitud de relevo de sentencia **por nulidad** al amparo de la Regla 49.2(d) de Procedimiento Civil, *supra*. Así pues, el TPI tenía la obligación de atender esta solicitud a pesar de que no se presentó dentro del término de seis (6) meses que dispone la referida regla. Ello, ya que como mencionamos anteriormente, cuando una solicitud de relevo de sentencia se fundamenta bajo la causal de nulidad no le aplica el término de seis (6) meses antes mencionados. Por esta razón, le devolvemos el caso al TPI para que atienda la solicitud de relevo de sentencia por nulidad que presentó el peticionario. Aclaramos que con esta determinación no estamos prejuzgando la procedencia de la referida solicitud. Además, cabe precisar que no discutiremos el segundo señalamiento de error ya que estaríamos entrando en los méritos de la controversia en la que se basa la solicitud de relevo de sentencia por nulidad que presentó el peticionario.

IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y revocamos el dictamen recurrido. En consecuencia, le devolvemos el caso al TPI para que atienda la solicitud de relevo de sentencia por nulidad.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones