Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ENRIQUE VÁZQUEZ QUINTANA **Apelante** V. SUNC. HERMENEGILDO MARTÍNEZ REMIGIO/TCC HERMENEGILDO MARTÍNEZ **Apelado** | KLAN202301057 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Civil. Núm. BY2023CV04533 Sobre: Nulidad de Sentencia |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 16 de enero de 2024.

El 27 de noviembre de 2023, el Sr. Enrique Vázquez Quintana (señor Vázquez o apelante) compareció ante nos mediante un recurso de *Apelación* y solicitó la revisión de una *Resolución y Sentencia* que se dictó y notificó el 25 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI, *motu proprio*, desestimó con perjuicio la *Demanda de Relevo de Sentencia* que presentó el peticionario al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 49.2.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

I.

El 15 de agosto de 2023, el señor Vázquez presentó una *Demanda de Relevo de Sentencia*.[1] En esta, indicó que el 28 de octubre de 2011, el TPI dictó una *Sentencia* en el Caso Núm. KDP2001-1213 en su contra ordenándole a indemnizarle a la Sra. Isabel Montañez Ortiz (señora Montañez) y al Sr. Hermenegildo Martínez Remigio (en conjunto, matrimonio Martínez-Montañez) la cantidad de $284,000.00 por daños sufridos a raíz de una presunta impericia médica. Explicó que, en el referido caso, el matrimonio Martinez- Montañez contrató a un perito médico que testificó que la operación de tiroides y paratiroides que le efectuó el peticionario a la señora Montañez había sido la causa próxima para que esta última padeciera de pérdida de memoria y demencia.

A tenor con lo antes expuesto, sostuvo que hace tres (3) meses surgió una nueva evidencia que establecía que era imposible que una operación de tiroides y paratiroides ocasionara demencia y/o la enfermedad de "Alzheimer". Así pues, afirmó que la Junta de Licenciatura y Disciplinas Médicas emitió una Resolución exonerándolo de toda la culpa por no existir ningún tipo de relación causal entre la hipocalcemia y la demencia incluyendo la enfermedad de "Alzheimer". A tales efectos, solicitó que se declarara Ha Lugar la Demanda y se dejara sin efecto la *Sentencia* que se dictó el 28 de octubre de 2011 en el Caso Núm. KDP2001-1213 al amparo de la Regla 49.2 de Procedimiento Civil, *supra*, para poder reivindicar su buen nombre, prestigio y credibilidad.

En respuesta, el 5 de septiembre de 2023, el TPI emitió una *Orden* que se notificó el 6 de septiembre de 2023 en la cual le concedió un término de diez (10) días al apelante para que mostrara causa por la cual no se debía desestimar la Demanda presentada a

---

[1] Véase, págs. 3-5 del apéndice del recurso.

tenor con la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R 10.2(5).[2] Puntualizó que el apelante conocía que la prueba sometida, a saber, la Resolución Administrativa de la Junta de Licenciatura y Disciplinas Médicas, no era suficiente para dejar sin efecto la adjudicación judicial efectuada en el Caso Núm. KDP2001-1213.

Así las cosas, el 18 de septiembre de 2023, el señor Vázquez presentó una *Moción en Cumplimiento de Orden* en la que reiteró los planteamientos que expuso en su *Demanda de Relevo de Sentencia*.[3] Además, argumentó que la *Sentencia* que se dictó en el Caso Núm. KDP2001-1213 era contrario a lo que resolvió la Junta de Licenciatura y Disciplinas Médicas y, por ende, constituía un fracaso a la justicia. Ello ya que, según él, se estaría acreditando la causa de una enfermedad que hoy en día no tenía una causa cierta por los facultativos médicos peritos en la materia. Reiteró que científicamente era imposible que una cirugía de tiroides y paratiroides cause Alzheimer a un paciente. En vista de lo anterior, solicitó que no se desestimara la Demanda al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, y reafirmó en solicitar el relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, *supra*.

Evaluado los argumentos de la parte apelante, el 25 de octubre de 2023, el TPI dictó y notificó una *Sentencia y Resolución* en la cual resolvió lo siguiente[4]:

> El Tribunal, motu propio, procede a desestimar con perjuicio recurso presentado por el demandante de epígrafe, basado en la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, dado que la antes mencionada regla no provee entre sus acápites, para que un parte, dentro de un caso cerrado con la sentencia final y firme, confirmada por el Tribunal Supremo de Puerto Rico (CC-12-982), pueda proceder a solicitar la sustitución de la adjudicación (fallo) hecha por el Tribunal de Primera Instancia, con prueba pericial favorecedora de su posición, adicional a la

---

[2] Íd., pág. 9.
[3] Íd., págs. 10-13.
[4] Íd., págs. 1-2.

utilizada durante el juicio por el demandante, en la manera de una opinión de una instrumentalidad del cauce administrativo (Junta de Licenciamiento y Disciplina Médica de Puerto Rico). No estamos en autos ante una situación de prueba nueva no disponible al momento que se vio el juicio en sus méritos, si quiera. El demandante solicita que se deje sin efecto el fallo emitido en el KDP2001-1213 por la Resolución exculpatoria emitida en el cauce administrativo y se sustituya por el llegado por el Tribunal. Tal reclamo no es cónsono a derecho y no es posible bajo la Regla 49.2 de Procedimiento Civil. Ello implica inoxerablemente la apertura nuevamente de la controversia que se ventilo en aquel entonces ante el Tribunal de Primera Instancia, *García Colón, et al. v. Sucn. González,* 178 DPR 527 (2010), *Olmeda Nazario v. Suero Jiménez,* 123 DPR 294 (1989).

Inconforme con este dictamen, el 27 de noviembre de 2023, el señor Vázquez presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda con perjuicio por entender que el Relevo de Sentencia presentado es cosa juzgada; sin haberle garantizado de un debido proceso de ley a la parte demandante.**

Atendido el recurso, emitimos una *Resolución* concediéndole a la parte apelada hasta el 27 de diciembre de 2023 para presentar su oposición al recurso. Vencido el término para ello, la parte apelada no presentó su respuesta al recurso de epígrafe. Por consiguiente, declaramos perfeccionado el presente recurso y estando en posición de resolver, procedemos a así hacerlo.

II.

La Regla 49.2 de Procedimiento Civil, *supra*, establece el mecanismo procesal disponible para solicitar al Tribunal de Instancia el relevo de los efectos de una sentencia. *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010). Específicamente, la aludida Regla dispone lo siguiente:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. (Énfasis suplido).
     […]

Para que proceda el relevo de sentencia bajo la referida regla, "es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo". Íd., pág. 540. Además, **una moción basada en la aludida Regla debe estar bien fundamentada**, pues sabido es que los dictámenes emitidos por nuestros tribunales gozan de una presunción de validez y corrección. (Énfasis nuestro) *Cortés Piñeiro v. Sucesión A. Cortés*, 83 DPR 685, 690 (1961). Cabe precisar, que, como regla general, dicha acción tiene que ejercitarse dentro los seis (6) meses siguientes al archivo y notificación de la sentencia. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 698 (2020). Sin embargo, a modo de excepción, tal norma cede cuando se trata de una sentencia que adolece de nulidad. Íd. Entiéndase, "si una sentencia es nula, la parte promovedora de una moción de relevo de sentencia no está limitada por el término de seis meses expuesto." Íd., pág. 699.

A tenor con lo antes expuesto, cabe precisar que, independientemente de la existencia de uno de los fundamentos expuestos en la regla, relevar a una parte de los efectos de una

sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín*, 159 DPR 482, 490 (2003). A tales efectos, si una sentencia es nula, no hay margen de discreción y es obligatorio dejar sin efecto la sentencia. *García Colón et al. v. Sucn. González*, supra, pág. 543. Ello, "independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado". Íd., págs. 543-544. Se considera que una sentencia es nula cuando al dictarla se quebrantó el debido proceso de ley. Íd., pág. 543.

### III.

En su único señalamiento de error, el señor Vázquez argumentó que el TPI erró al desestimar su *Demanda de Relevo de Sentencia* con perjuicio por entender que el relevo de sentencia constituía cosa juzgada y sin haberle garantizado un debido proceso de ley. No le asiste la razón. Veamos.

En su *Demanda de Relevo de Sentencia*, el apelante adujo que el TPI dictó una *Sentencia* en su contra el **28 de octubre de 2011** en el caso núm. KDP2001-1213 en la cual determinó que la operación de la tiroides y paratiroides que le efectuó a la señora Montañez fue la causa próxima para que esta última padeciera de pérdida de memoria y demencia. Así pues, planteó que, por la razón antes expuesta, el TPI le ordenó a indemnizarle al matrimonio Martínez- Montañez la cantidad de $284,000.00 por concepto de daños económicos y morales por dicha impericia médica. Sin embargo, argumentó que se debía dejar sin efecto la referida Sentencia al amparo de la Regla 49.2 de Procedimiento Civil, *supra*, ya que la Junta de Licenciaturas y Disciplinas Médicas había emitido una Resolución exonerándolo de toda culpa. Finalmente, expresó que su intención no era utilizar el mecanismo de relevo de sentencia para que el matrimonio Martínez- Montañez le devolviera

el dinero que tuvo que indemnizarles, sino que quería reivindicar su buen nombre, prestigio y credibilidad.

Conforme al derecho que antecede, para que proceda el relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, *supra*, es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en la regla para tal relevo y, además, debe presentar una moción bien fundamentada. *García Colón et al. v. Sucn. González*, supra, pág. 540; *Cortés Piñeiro v. Sucesión A. Cortés*, supra, pág. 690. Como podemos observar, el apelante en su *Demanda de Relevo de Sentencia* no especificó bajo cuál elemento invocaba el relevo de sentencia. Además, cabe resaltar que dicha *Demanda de Relevo de Sentencia* se presentó doce (12) años luego de que se archivó y notificó la Sentencia. Dicho esto, es evidente que ya había transcurrido el término de seis (6) meses que dispone la ley para presentar el relevo de sentencia.

Estamos conscientes que, si una sentencia es nula, la parte promovedora de la moción de relevo de sentencia no está limitada por el aludido término. Sin embargo, como mencionamos anteriormente en el presente caso ni tan siquiera se especificó bajo cuál elemento se invocaba dicho relevo. La parte apelante se limitó a expresar que se debía dejar sin efecto la Sentencia que se dictó el **28 de octubre de 2011** ya que quería reivindicar su buen nombre, prestigio y credibilidad conforme a la Resolución que emitió la Junta Licenciaturas y Disciplinas Médicas presuntamente exonerándolo de toda culpa.

Como muy bien resolvió el TPI, **procede desestimar con perjuicio la *Demanda de Relevo de Sentencia* que presentó el apelante** bajo la Regla 10.2 (5) de Procedimiento Civil, *supra*, toda vez que la Regla 49.2 de Procedimiento Civil, *supra*, no provee entre sus acápites para que una parte, dentro de un caso que ya contiene una Sentencia final y firme que se confirmó por el Tribunal Supremo

de Puerto Rico, pueda solicitar la sustitución de la adjudicación bajo el fundamento de poder reivindicar su buen nombre, prestigio y credibilidad conforme a una Resolución que emitió la Junta Licenciaturas y Disciplinas Médicas.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda.  Lilia M. Oquendo Solís
                         Secretaria del Tribunal de Apelaciones